[East Tenn., Va. & Ga. R. R. Co. v. Watson.]

# East Tenn., Va. & Ga. Railroad Co. v. Watson.

*Action for Damages, for Negligent Killing of Horse.*

1. *Sufficiency of complaint in averments of negligence.*—In a complaint against a railroad company, to recover damages for injuries to plaintiff's horse, which was run over and killed by a passing train, an averment that the defendant did, "because of the negligence or want of skill of its employees in the management or running of said train, locomotive or cars, run over, kill or disable" the animal; or, "did, because of the negligence or want of skill of the employees of said defendant, run over, kill or injure" it,—is each sufficiently certain and definite in the statement of facts constituting negligence.

2. *Deposition; cross-interrogatories not filed within ten days after notice.* Although cross-interrogatories are required to be filed within ten days after notice of the filing of the direct interrogatories (Code, § 2803), they will not be struck from the file on motion, because filed at a later day, when it appears that they were filed before a commission was issued to take the deposition of the witness.

3. *Evidence as to condition of land adjoining railroad track, as relevant to question of negligence.*—Where plaintiff sues for damages on account of injuries to his horse, which was run over and killed by a railroad train, and the railroad employees testify that they did not see the animal until it was very near to the track, it is competent for the plaintiff to prove, as bearing on the question of negligence, that the land near that point, covering the right of way on each side, was cut off, or cleared of obstructions.

4. *Proof of value, as matter of opinion.*—Plaintiff, testifying in his own behalf, and stating that he was familiar with the value of stock, may give his opinion as to the value of his horse which was killed, although he is not shown to have any peculiar skill as an expert.

5. *To what witness may testify; collective facts.*—Plaintiff may testify, also, that the animal killed was a "very fine colt," or "fine stock," or "trotting stock," or "was sired by a trotting horse," or that "its mother was a fine blooded animal"; these and similar expressions being merely the statement of a collective fact, and not requiring any expert skill or knowledge.

6. *Same; as to hearing railroad whistle.*—Plaintiff having testified that he was near the place at the time of the accident, and did not hear any whistle sounded by the passing railroad train, he can not be asked, on cross-examination, if a whistle might not have sounded without his hearing it; this being mere matter of opinion, and not the statement of a fact.

7. *Same; as to how far horse can be seen.*—How far an animal as large as a horse can be seen under ordinary circumstances, is a matter of common knowledge, and not a matter on which a witness can express an opinion; but, when applied to the circumstances of a particular case, and dependent upon the features of a particular locality, the details of which can not be fully and accurately described, a witness may state his opinion.

8. *Diagrams and maps*, illustrating the scene of a transaction and the relative location of objects, are admissible as evidence, if proved

to be correct; and when a party has allowed his own witness to use a diagram in aid of his testimony, he can not complain that the counsel of the opposite party is permitted to use it in commenting on the testimony of that witness.

9. *Failure of engineer to blow whistle or ring bell, as negligence.*—The statutory duty imposed on a railroad engineer, to blow the whistle or ring the bell on perceiving an obstruction "on the track" (Code, § 1144), does not strictly apply when an animal is perceived near, but not on it; yet the failure to do so, in order to frighten away stock in dangerous proximity to the track, may constitute such negligence as will render the railroad company liable in damages for injuries to them.

10. *Failure to keep diligent look-out; misleading charge.*—A charge instructing the jury, "that if the engineer, on perceiving the animal on the track, used all the means within his power known to skillful engineers in order to stop the train, then plaintiff can not recover," is properly refused, because misleading, since the accident may have been proximately caused by his failure to keep a diligent look-out for obstructions.

11. *Abstract charges* are properly refused.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Samuel B. Watson, against the appellant corporation, to recover damages for the killing of a young horse belonging to plaintiff, by the alleged negligence of the defendant's servants in charge of a passing train of cars, on the 17th August, 1887; and was commenced on the 29th September, 1887. The complaint contained two counts, the first alleging that the defendant "did, because of negligence or want of skill of defendant's employès in the management or running of said train, locomotive or cars, run over, kill or disable a certain mare colt, the property of plaintiff; " the second, that the defendant, while running an engine and train of cars on its road in said county, "at and near a certain point near Swords' Mill, and within one-fourth mile of the public road crossing near said mill, did, because of the negligence or want of skill of the employès of said defendant, run over, kill or injure" the animal. The defendant demurred to each of these counts, on the ground that it stated only a legal conclusion, instead of the facts constituting the alleged negligence; and the demurrer being overruled, issue was joined on the plea of not guilty.

On the trial, the defendant reserved several exceptions to the rulings of the court on evidence, which will be understood from the opinion of this court; and exceptions were also reserved to the refusal of the following charges, which were asked in writing: (1.) "If the jury believe the evidence, they will find for the defendant." (2.) "If the jury believe from the evidence that the engineer saw the animal on the track, or in dangerous proximity thereto, more than one hundred and

twenty-five yards before he struck it, then plaintiff can not recover." (3.) "The engineer was not required to blow the alarm, or apply the brakes, until the horse came on the track." (4.) "If the jury believe from the evidence that the horse, when struck by the locomotive, was not on a public road crossing, then they can not consider the question whether the whistle was blown or the bell rung at intervals." (5.) "The engineer was not required to comply with the statutory requirements as to blowing the whistle and ringing the bell, unless the horse was on the track." (6.) "If the jury believe from the evidence that the engineer, on perceiving the animal on the track, used all the means within his power known to skillful engineers to stop the train, then plaintiff can not recover." (7.) "If the jury believe from the evidence that the engineer willfully or intentionally run over the animal and killed it, then plaintiff can not recover."

The overruling of the demurrer to the complaint, the several rulings on evidence, and the refusal of the charges asked, are now assigned as error.

BURNETT & SMYER, for appellant.

WALDEN & SON, contra.

SOMERVILLE, J.—1. The averments of negligence on the part of the defendant's employès, from which the accident of killing the colt is alleged to have occurred, and its connection with the result as a cause, are stated in each count of the complaint with sufficient certainty. The demurrer based on this ground was properly overruled.— Western Railway of Ala. v. Lazarus, 88 Ala. 453; 6 So. Rep. 877; Sistrunk's Case, 85 Ala. 352; M. & M. Railway Co. v. Crenshaw, 65 Ala. 566; S. & N. Ala. Railroad Co. v. Thompson, 62 Ala. 494.

2. The motion of the defendant to strike from the file the cross-interrogatories filed by the plaintiff on taking the deposition of Thomas, a witness for the defendant, was properly overruled. The ground assigned for this motion was, that this paper was not filed within ten days after notice served on the plaintiff of the filing of the direct interrogatories by the defendant. The statute, it is true, requires the filing to be done within this time, but the purpose is only to enable a commission to issue after the expiration of ten days from the time the notice is served.—Code, 1886, §2803. If it does not issue until the cross-interrogatories are filed, and this period extends over ten days, this, in our opinion, is no ground upon which the deposition can be assailed for irregularity in the taking of it.

3. It was competent to prove that the right of way of the railroad was cut or cleared off for a hundred feet, more or less, between the depot and the place of the accident, as a fact bearing on the question of the engineer's ability, by diligently looking out, to discover the animal, which was alleged to be near the track just before being injured.

4. The plaintiff testified that he was familiar with the value of stock, and, he was properly allowed to give his opinion as to the value of the horse in controversy, of which he was the owner. To render such testimony admissible, it was unnecessary that he should be shown to possess any peculiar skill to qualify him as an expert on this subject.— *Ward v. Reynolds*, 32 Ala. 384; *Burks v. Hubbard*, 69 Ala. 379; *Rawles v. James*, 49 Ala. 183; Lawson on Expert Ev. 17, 456.

5. The general rule is, that witnesses must testify to facts, not to inferences, opinions or conclusions. Experts, or persons instructed by experience, are exceptions to this rule. They can not, however, as experts, give mere opinions as to matters of common knowledge, which persons of ordinary intelligence, including jurors themselves, are just as capable of comprehending as the witnesses.—*Hammond v. Woodman*, 66 Amer. Dec. 229, *note*. There are other exceptions to the general rule also, as, for example, estimates of value, distance, time, quantity, and opinions as to hand-writing, general identity, and the like. "So, an opinion can be given by a non-expert concerning matters with which he is specially acquainted, but which can not be specifically described."—7 Amer. & Eng. Enc. Law, 496. And, as expressed by Mr. Wharton, "an inference, necessarily involving certain facts, may be stated without the facts."—1 Whart. Ev. §510. This is often called a conclusion or inference in the nature of a collective fact, involving cases where it is not practicable to lay before the jury the primary facts upon which the inference is based. Under these principles, it was competent for the plaintiff to testify that the animal killed was "a very fine colt," "fine stock," "trotting stock"; that "it was sired by Clipper, a trotting horse at Cave Springs"; that "its mother was a fine blooded animal"; and other kindred expressions illustrating the qualities of the horse, including beauty of form and gracefulness of movement.

6. The court also, with equal propriety, excluded the inquiry propounded to the plaintiff, as to whether there might not have been a whistle sounded for the crossing, near which the accident occurred, without the witness hearing it. This is a mere matter of opinion, and not the statement of a fact.

*Marcott v. M. H. & O. R. R. Co.*, 8 Amer. & Eng. R. R. Cases, 306.

7. While it would be a matter of common knowledge, how far one could ordinarily see an object as large as a horse, and therefore not the subject of an opinion, the jury being as competent to judge of this fact as a witness; this inquiry assumed a different aspect when applied to the particular locality on the railroad track, or right of way going from the depot towards the scene of the injury. It may have been impracticable to lay before the jury all the details upon which such a collective fact was founded. The soundness of the conclusion could be tested by the right of cross-examination.

8. Diagrams and maps illustrating the scene of a transaction and the relative location of objects, if proved to be correct, are always admissible, at the instance of either party, in order to enable the court and jury to more clearly understand and apply the facts in evidence.—*Humes v. Bernstein*, 72 Ala. 546; *Moon v. State*, 68 Ga. 687. The defendant having allowed his own witness to use a diagram in aid of his testimony before the jury, there could certainly be no objection to the plaintiff's counsel being permitted to use the same diagram in discussing the same witness' testimony before the jury, although there had been no formal introduction of the paper in evidence. It might, nevertheless, be properly considered by implication as a part of the witness' testimony, and, therefore, as in evidence.

9. The fourth and fifth charges requested by the defendant were based on the idea, that no duty would devolve on the engineer to blow the whistle, or ring the bell, unless the horse was actually on the track of the railroad. It is very true that the requirements of the statute (Code, 1886, §1144,) the violation of which is made a misdemeanor, do not absolutely originate or come into play until an obstruction *on the track* is perceived.—*East Tenn. Va. & Ga. R. R. Co. v. Bayliss*, 77 Ala. 429. But railroad companies are liable for any injury to persons or stock, or other property, resulting not only from a failure to comply with the statute, but from any *other* negligence on the part of the company.—Code, §1147. And there may be cases where the failure to ring the bell, or blow the whistle, in order to frighten away stock in dangerous proximity to the track, would be negligence, although the animals might not be actually upon the track.—*Sistrunk's Case*, 85 Ala. 353; 5 So. Rep. 79; *West. Railway of Ala. v. Lazarus*, 88 Ala. 453; 6 So. Rep. 877. These charges, for this reason, were misleading, and were properly refused.

10. The sixth charge was also properly refused, as misleading in tendency. The engineer may have been guilty of negligence in not keeping a diligent look-out for the animal killed, and this act of negligence may have been the proximate cause of the injury, although he may have been ever so diligent in avoiding the accident after he actually discovered the animal on the track.

11. There being no evidence tending to prove that the injury was willfully or intentionally perpetrated, the seventh charge, based on this assumption, was abstract, and its refusal was free from error. This charge is otherwise objectionable, on grounds unnecessary to be discussed.

The other exceptions have been examined, and are considered to be without merit.

The judgment must, accordingly, be affirmed.