# Laughran *v.* Brewer.

*Action by Employé against Employer to recover Damages for Personal Injuries.*

1. *Pleading and practice; when error in sustaining demurrer to complaint is without injury.*—Where, in an action to recover damages for alleged negligence, demurrers are erroneously sustained to counts in a complaint, and the plaintiff amends such counts, and under the amendment obtains the benefit of all the proof he was entitled to under the original counts, and no new burdens are imposed upon him by such amendments, and to the amended counts a demurrer is overruled, the error in sustaining the demurrer to the original counts is error without injury.

2. *Action for negligence; sufficiency of complaint; error without injury in sustaining demurrer thereto; amendment.*—Where, in an action to recover damages for personal injuries, which it is alleged the plaintiff suffered by reason of his hand and arm being caught between a belt and pulley used in the running of defendant's machinery, a complaint which avers "that said wrong or injuries were suffered because of the wrong or negligence of the defendant in having and running in said mill * * belts, pulleys and shafting, machines and appliances, which were defective, out of order, and unsafe, and unfit to be in said business, and which, but for the want of proper care and diligence, would have been known to defendant, and all of which was unknown to plaintiff," sufficiently avers negligence; and while a demurrer to such complaint should be overruled, if it is sustained and

the plaintiff thereupon amends his complaint by adding more specific averments of the manner in which the injury occurred, without imposing upon himself new burdens, and a demurrer to the amended complaint is overruled, the sustaining of the demurrer to the original complaint is error without injury.

3. *Same; same; same.*—In an action by an employé against his employer to recover damages for personal injuries, a complaint drawn under subdivision 1 of section 2590 of the Code of 1886, which follows substantially the language of the statute in its averments of negligence, is sufficient; and while it is error to sustain a demurrer to the complaint containing such averments, it is error without injury, if an amendment specifying the defects of the machinery is filed, but which imposes no additional burden upon the plaintiff, and under which he has the benefit of all the proof he was entitled to under the original complaint, and a demurrer to the complaint so amended is overruled.

4. *Same; liability under subdivision 4 of section 2590 of the Code; there must be obedience to the rule.*—In an action by an employé against his employer to recover damages for personal injuries, where the complaint is drawn under subdivision 4 of section 2590 of the Code of 1886, (Employer's Liability Act), a complaint which avers that the injuries complained of were caused by reason of the omission of a co-employé to obey the rules and regulations of the defendant, is demurrable; subdivision 4 of section 2590 making the employer liable for injures resulting to an employé from the act of a fellow servant done in obedience to rules and regulations of the employer, or in obedience to particular instructions given by any person delegated with the authority of the employer, in that behalf, and the employer is not liable for acts done in disobedence to such instructions.

5. *Trial and its incidents; when clerical error shown in judgment entry, self-correcting.*—When a judgment entry recites that the verdict was in favor of the "plaintiff," but concludes with a judgment in favor of the defendant, on an appeal by the plaintiff from the judgment rendered against him, the word "plaintiff," as used in the recital of the verdict in the judgment entry will be considered a mere clerical error, which is self-correcting, and will be read "defendant."

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This action was brought by the appellant, James J. Laughran, against the appellee, William P. Brewer, to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant or his employés.

The complaint, as originally filed, contained four counts. The first count alleged that on November 2, 1893, the defendant was operating and running a manu-

facturing establishment for the making of paints; that said establishment had machinery of various kinds therein which were driven by steam engines through the medium of belts, shafting and pulleys; that the plaintiff was employed by the defendant to work in and superintend said paint shop; and, therefore, it was the duty of said defendant to have in his manufacturing establishment good and safe engines, shafting, belts, pulleys, machines, &c., and to have said machinery run with care; that on the day above mentioned, while the plaintiff was in said shop or mill, engaged in the proper discharge of his duties for the defendant, his right hand was caught in and between the belt and pulley, and was thereby so crushed, mangled and torn, that it was necessary to amputate it. The count then alleges that the cause of the accident was the negligence of the defendant, and the averments in reference to it are copied in the opinion. The prefatory averments of the other counts of the original complaint were in substance the same as the first; and the averments of negligence in each of the counts, which caused the injuries complained of, are also copied in the opinion. The complaint was afterwards amended by adding the 5th, 6th, 7th, 8th and 9th counts. The allegations of these counts added by amendment, as to the circumstances of the accident, are the same as those stated in the first count of the original complaint; and the averments of negligence as contained in these respective counts are also copied in the opinion.

The defendant demurred to each of the counts, both of the original and amended complaint, and assigned many grounds of demurrer, which may be summarized as follows: To the first count: 1st. There are no facts alleged in said count showing how the belts, pulleys, shafting, machinery and appliances, which are averred to have been defective, out of order, unsafe, and unfit to be used in said business, caused plaintiff's arm and hand to be caught in between the belt and pulley. 2d. The averments of said count are bad for generality, in failing to describe the machinery or appliances in said mill which were defective and out of order. 3d. It appears from said count that plaintiff was an employé of the defendant, and the matters alleged therein do not make such a case as makes the defendant liable for the injuries suffered by plaintiff.

[Laughran v. Brewer.]

To the third count: 1st. There are no facts alleged in said count which show how or in what way the defect alleged in the condition of the works, machinery or plant used in the business of the defendant caused the injury to plaintiff. 2d. The count shows no fact from which it can be inferred that any defect existed in the condition of the works, machinery or plant of the defendant that caused the injury.

To the fourth count: 1st. There are no facts alleged in said count which show why or how the alleged failure or omission of the engineer caused the injuries complained of. 2d. There are no facts alleged in said count which show that plaintiff was in such relationship to the defendant or to the defendant's engineer, which would render the defendant liable to plaintiff for any injury received by plaintiff on account of the failure or omission of said engineer to obey the rules and regulations of the defendant, made to regulate the starting and stopping of the engines.

The grounds of demurrer to the fifth count were the same as those assigned to the first count.

The grounds of demurrer to the sixth count were the same as those assigned to the third count, and the demurrers to the seventh, eighth and ninth counts of the complaint were the same as those assigned to the fourth count. There were also demurrers assigned to the second count, but as these were overruled, and there is no question in reference to this ruling presented on the present appeal, it is deemed unnecessary to set out the second count or the demurrers interposed thereto. The demurrers to the 1st, 3d and 4th counts of the original complaint were sustained, and upon the amendment by the addition of the other counts, the demurrers to the 5th and 6th counts of the amended complaint were overruled, and the demurrers to the 7th, 8th and 9th counts were sustained.

The trial was had upon the issue joined upon pleas which were interposed, and there was judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court upon the pleadings, in sustaining the demurrers to the different courts of the complaint.

[Laughran v. Brewer.]

SAM WILL JOHN, for appellant.—The first count of the complaint was drawn after, and in substantial compliance with, the declaration in *Noyes v. Smith*, 28 Vt. 59. This is approved in Wood's Master & Servant, note on p. 712, and was held good, on demurrer by this court in *M. & O. R. R. Co. v. Thomas*, 42 Ala. 673. Hence the court erred in sustaining the demurrer to first count.

2. The 3d count was drawn under subdiv. 1 of section 2590 of Code, and after setting forth the relation of the parties and the injury of the plaintiff, charges, "which injury was caused by reason of defects" in the condition of the works, machinery or plant used in "the business." This was sufficient, and it was error to sustain the demurrer thereto.

3. The other counts of the complaint to which demurrer was sustained, were sufficient as stating a cause of action under subdivision 4 of section 2590 of the Code of 1886.

J. M. GILLESPY and E. K. CAMPBELL, *contra*.—1. The first count is under the common law, and to be sufficient it must state the facts constituting plaintiff's cause of action. It must state the specific nature of the question to be tried for the guidance of the defendant in preparing his proof.—Stephen on Pleading, (8th ed.), pp. 134, 135. It must not state conclusions, but facts, "so presented that a material issue in law or fact can be taken by the adverse party thereon."—Code of 1886, § 2664 ; *Montgomery v. Gilmer*, 33 Ala. 116 ; *Carmelich v. Mims*, 88 Ala. 335 ; *North B. Railway Co. v. Liddicoat*, 99 Ala. 545 ; *Shields v. Sheffield*, 79 Ala. 91. It must state certainly the cause of plaintiff's injury, and point out particularly the machine which was defective, the having and running of which was defendant's negligence.—*M. & O. R. R. Co. v. Thomas*, 42 Ala. 672 ; *L. & N. R. R. Co. v. Hall*, 87 Ala. 708. The action of the court in sustaining the demurrer to this count, if error at all, was error without injury to plaintiff, because the abstract shows that the plaintiff, in the trial of the cause, had the full benefit of any issue that could be raised under this count, under the fifth count of the complaint, the demurrer to which was overruled.—*Gilman v. Jones*, 87 Ala. 691 ; *Espalla v. Wilson*, 86 Ala. 487 ; *Phœnix Ins.*

33

[Laughran v. Brewer.]

*Co. v. Moog*, 78 Ala. 284; *M. & O. R. R. Co. v. Thomas*, 42 Ala. 672; *Hall v. Posey*, 79 Ala. 84.

2. The third count is framed under sub-division 1 of section 2590 of the Code, and to be sufficient must state the "nature of the neglect, or the circumstances under which plaintiff was injured as alleged."—*L. & N. R. R. Co. v. Hall*, 87 Ala. 708; Code of 1886, § 2590. It must state facts showing the cause and circumstances of the injury, and thereby point out the defect relied on as causing the injury, or it must particularly aver in what the defect consisted.—*Ga. Pac. R. Co. v. Davis*, 92 Ala. 300; *E. T. V. Ga. R. R. Co. v. Thompson*, 94 Ala. 636; *L. & N. R. R. Co. v. Orr*, 94 Ala. 602; *L. & N. R. R. Co. v. Markee*, 103 Ala. 160; *Ga. Pac. R. Co. v. Brooks*, 84 Ala. 138; *L. & N. R. R. Co. v. Hall*, 87 Ala. 708; *L. & N. R. R. Co. v. Hawkins*, 92 Ala. 241; *C. & W. R. Co. v. Bradford*, 86 Ala. 574. It must state the cause and circumstances of the injury "so that a material issue in law or fact can be taken by the adverse party thereon."—Code of 1886, § 2664; *Ga. Pac. R. Co. v. Brooks*, 84 Ala. 138.

3. There is no error in the judgment of the court sustaining the demurrer to the 4th, 7th, 8th and 9th counts of the complaint, because each shows the injury complained of to have been caused by a fellow servant of plaintiff, for whose negligence defendant is in no way answerable. *Dantzler v. DeBardeleben C. & I. Co.*, 101 Ala. 309; *M. & M. R. Co. v. Smith*, 59 Ala. 245; *Smoot v. Railway Co.*, 67 Ala. 13; *R. R. Co. v. Bradford*, 86 Ala. 579; *L. & N. R. R. Co. v. Woods*, 105 Ala. 561.

HARALSON, J.—1. The first count is one for simple negligence under the common law. When construed by the rules for pleading under that system, this count is entirely too general and lacking in averments of facts upon which an issue could be taken. But that rule has been greatly relaxed under our Code system of pleading, in cases where the cause of action consists in the non-performance or misperformance of a duty. In such cases, the rule as now obtaining is, "When the *gravamen* of the action is the alleged non-feasance or misfeasance of another, as a general rule, it is sufficient if the complaint avers facts out of which the duty to act springs,

[Laughran v. Brewer.]

and that the defendant negligently failed to do and perform, &c.; not necessary to define the *quo modo*, or to specify the particular acts of diligence he should have employed in the performance of such duty."—*Ensley R. Co. v. Chewning*, 93 Ala. 26; *M. & O. R. R. Co. v. George*, 94 Ala. 214; *Mary Lee C. & R. Co. v. Chambliss*, 97 Ala. 171. Again it has been said, and may be regarded as the settled rule in this court, "that under our system of pleading, very general averments, little short, indeed, of mere conclusions, of a want of care and consequent injury, leaving out the facts which constitute and go to prove negligence, meet all requirements of the law."—*Ga. Pac. Railway Co. v. Davis*, 92 Ala. 307, and authorities there cited; *Stanton v. L. & N. R. R. Co.*, 91 Ala. 384; *M. & O. R. R. Co. v. Thomas*, 42 Ala. 673.

In the first count, it is averred among other things, that the right hand of plaintiff "was caught in between a belt and pulley and his right hand was thereby crushed; * * * * and that the hand and arm of the plaintiff was caught in said belt or between the same, and said wrongs or injuries were suffered, because of the wrong or negligence of the defendant in having and running in said mill in said business, belts, pulleys and shafting, machines and appliances which were defective, out of order and unsafe, and unfit to be in said business, and which, but for the want of proper care and diligence, would have been known to defendant, and all of which was unknown to plaintiff," &c. The *gravamen* of this count evidently is, the alleged defects in the belts and pulleys, and their unsafe condition. Under our rulings, we apprehend this count was good; and the demurrer to it should have been overruled.

The count was amended, however, by filing an additional one as count 5, which is the same in its recitals as the first, but in which it is averred in addition, by way of more specific averment of the manner in which the injury occurred, that the plaintiff's injuries were suffered "because of the wrongs and negligence of the defendant in having and running in his mill in said business, said belt and pulleys which were defective, out of order, not properly arranged and adjusted, and unsafe and unfit to be used in said business, and which but for the want of proper care and diligence would have been known to defendant, and all of which was unknown to

the plaintiff," &c. The demurrer to this count was overruled. Under it, in the trial of the cause, the plaintiff, without the imposition of new burdens, had the benefit of all he could have had, if the demurrer to the first count had not been sustained. So, the sustaining of that demurrer was error without injury.—*Gilman v. Jones,* 87 Ala. 691; *Espalla v. Wilson,* 86 Ala. 487; *Phœnix Ins. Co. v. Moog,* 78 Ala. 284.

2. The third count of the complaint is drawn under subdivision one of section 2590 of the Code. It alleges, that the plaintiff being in the employment of the defendant in his paint shop or mill, and while so employed was injured &c., "which injury was caused by reason of defects in the condition of the works, machinery or plant used in the business of the defendant aforesaid, which defects were not known to plaintiff, and arose from, and had not been discovered or remedied owing to the negligence of the defendant," &c.

In *L. & N. R. R. Co. v. Hawkins,* 92 Ala. 243, touching the particularity of averment necessary to be averred in a count under this section and subdivision of the Code, it was said : "There is no reason, however, for requiring a greater degree of particularity in the averment of negligence under this statute, than is required with respect to any other negligence counted on for a recovery of damages ; and the 'facts' to be alleged in either class of cases are little, if any, more than a mere conclusion of the pleader, leaving the factors which enter into and support the conclusions to be adduced in the evidence." And in *M. & O. R. R. Co. v. George,* 94 Ala. 216, approving what was said in *Hawkins' Case,* it was added : "An allegation, pursuing the words of the statute, or substantially the same, is sufficient, but this much is required."—*C. & W. R. Co. v. Bradford,* 86 Ala. 574; *E. T., V. & G. R. R. Co. v. Watson,* 90 Ala. 41.

A demurrer was improperly sustained to this 3d count. Thereupon, the plaintiff filed another count, numbered 6, which was an amendment of the 3d count, in which the defect in the machinery complained of was specified, a demurrer to which amendment was overruled. The plaintiff got or could have had, under this amendment, the benefit of all the proof he was entitled to under the 3d count. It imposed no additional burden. The sus-

taining of a demurrer to said count was, therefore, error without injury.—Authorities *supra*.

3. The 4th, 7th, 8th and 9th counts of the complaint were framed confessedly under sub-section 4 of said section 2590. The fourth count charges the injury to be the result of an *"omission* of the engineer in charge of the engine, which was then and there driving and running the machinery of said shop, * * * to obey the rules and regulations of the defendant made to govern and regulate the stopping and starting of said engine."

The 7th charges it as "caused by reason of the *omission* of a person, to-wit, the engineer in charge of the engine which drove said pulley, to obey the signals given him in accordance with the rules and regulations of the master or employer, the defendant," &c.

The 8th charges it, as "caused by reason of the *omission* of a person in the service and employment of the defendant, to-wit, the engineer in charge of the engine and pulleys and machines in said shop or mill, to let said engine stand still after being stopped till he received the proper signal to start said engine again, as by the rules and regulations of the master or employer, the defendant, he was required to do," &c.

The 9th, that the injury was caused by the act of a person, to-wit, "the engineer in charge of the engine which drove the machinery in said mill, through shafts, pulleys and belts, in starting up said engine, after he had stopped it in obedience to a signal made him under the rules and regulations of defendant, and before he had received any signal to start said engine as required by the rules and regulations of the master, the defendant."

At common law, the rule was, that for injuries proceeding from the personal fault or negligence of the master, he was under the same liability to his servants as to third persons toward whom he sustained no special relations; but he was not liable for injuries caused by the negligence or fault of other servants in the same employment, if the master had not been negligent in the employment of incompetent persons. The risks incident to the common employment, each servant was presumed to have contemplated when he entered the service.—*M. & M. Railway Co. v. Smith*, 59 Ala. 245; *Smoot v. M. & M. R. Co.*, 67 Ala. 13; *Stewart v. L. & N. R. R. Co.*, 83

Ala. 495; *L. & N. R. R. Co. v. Allen,* 78 Ala. 502; *Ga. Pac. Railway Co. v. Davis,* 92 Ala. 313; *A. G. S. R. R. Co. v. Carroll,* 97 Ala. 129; *M. & O. R. R. Co. v. Thomas,* 42 Ala. 672; *L. & N. R. R. Co. v. Woods,* 105 Ala. 569.

The foregoing principle as to the employer's liability still prevails in this State, and he is not and cannot be made liable, under the Employer's Liability Act, unless the case falls within one of the categories named in the five subdivisions of the said act.

In each of these counts the negligence complained of was that of a fellow servant of the plaintiff, and, as we have said, it is admitted and insisted, that the said counts are drawn, and are good under subdivision 4 of said section of the Code. The provisions of said subdivision are, in substance, that the act or omission of the employè complained of, must be done or made in *obedience* to the rules of the master. In other words, when the master commands or instructs, by rules and regulations and by-laws of himself, or in obedience to particular instructions given by any person delegated by him, with his authority in that behalf, and an employè *obeys* and carries out such commands or instructions, and injury is done thereby to a fellow employè, the master is liable. The statute has reference, by its terms, to the instructions of the master, and makes him responsible for them; and when he commands that an act be done or omitted to be done, and the servant obeys in doing the thing commanded to be done, or in omitting to do what he was ordered not to do, his obedience in either case is the act of the master, and if injury results he is liable; but, if the servant *disobeys* the instructions so given him, by doing something else that he was not instructed to do, or *omits* to obey instructions at all, and injury to his fellow-servant is the result, it is not the act or command of the employer that caused the injury, but the *disobedience* of the employè, and the master is not liable. He stands in such a case as he stood, and is liable, if at all, at common law, unaffected by the Employer's Liability Act.

In each of these counts, the averment is, in substance, that the injury was caused by the *disobedience* of the fellow-servant of the rule of the master; exactly opposite to the requirements of the statute to render him liable

[Wilcox v. San Jose Fruit Packing Co.]

thereunder. Neither count states any cause of action under said subdivision 4 of section 2590 of the Code.— *Lovell v. DeBardeluben C. & I. Co.*, 90 Ala. 13, 17.

Issue was taken on the pleas, demurrers to which were overruled, and trial had thereon.

The minute entry as shown in the abstract, in reciting the verdict of the jury, states it: "We, the jury, find the issue in favor of the plaintiff." It then concludes with a judgment in favor of the defendant against the plaintiff for costs. The plaintiff appealed and assigned as grounds of error the rulings of the court sustaining the defendant's demurrers to the several counts of the complaint. There is no bill of exceptions in the case. The word "plaintiff," as used in the abstract of the verdict is, as appears, a clerical error, self-corrective, and should be read "defendant." We find no error in the rulings of the court, prejudicial to plaintiff, and its judgment is affirmed.

Affirmed.