# Southern Car & Foundry Co. *v.* Jennings.

*Action by Employe against Employer to recover Damages for Personal Injuries.*

1. *Action by employe against employer for negligence; sufficiency of complaint.*—In an action by an employe against employer for personal injuries caused by a crane, which was used for lifting castings, falling upon the plaintiff, a count of the complaint which alleges that the plaintiff's injuries were caused by defendant's negligence, in that a crane which was a part of the ways, works or machinery of the defendant was defective in that it was not securely fastened in its proper position, that the braces holding it were insufficient, or the wooden beams supporting it were rotton and defective, so that by reason thereof said crane fell while attempting to hoist or move an iron casting, and that "said defect arose from or had not been discovered or remedied owing to the negligence of the defendant or some person in the service of defendant and intrusted by it with the duty of seeing that the ways, works, machinery or plant connected therewith were in proper condition," is sufficient to state a cause of action,

[Southern Car & Foundry Co. v. Jennings.]

and is not subject to demurrer upon the ground that it does not negative that plaintiff had knowledge of the defect complained of.

2. *Same; same.*—In such an action a count of the complaint which avers that the injuries complained of resulted from the defendant's negligence, in that the wall against which the crane was erected was not sufficiently strong to support the crane, and in consequence it gave way and caused the crane to fall upon plaintiff inflicting said injuries, and that the said defect "arose from or had not been discovered or remedied owing to the negligence of the defendant or some person in the service or employment of the defendant intrusted by it with the duty of seeing that the ways, works, machinery or plant connected therewith were in proper condition," sufficiently states a cause of action, and is not subject to demurrer upon the ground that it does not negative that plaintiff had knowledge of the defect.

3. *Evidence; when secondary evidence of what witness testified on former trial not admissible.*—In the trial of a case, it is not competent for one of the parties thereto to prove what a witness swore to on a former trial of said case upon the mere showing that the witness was not in attendance and was staying indefinitely at a place in the State of Alabama which was more than 100 miles from the place of trial; since if absent witness resided more than 100 miles from the place of trial his deposition might be taken (Code, §§ 1825, 1833), and being within the jurisdiction he was not out of reach of process by which his attendance at the trial could be compelled.

4. *Evidence; when error in ruling thereon without injury.*—If the court in sustaining an objection to question asked a witness commits an error, such error is without injury to the party asking such question if the witness subsequently in his testimony gives the information called for by the question.

5. *Action by employe against employer for negligence; when general affirmative charge properly refused.*—In an action by an employe against employer to recover damages for personal injuries caused by a crane used in the defendant's works for lifting heavy substances falling on the plaintiff, where in the counts of the complaint the negligence complained of was that there were defects in the wooden beams constituting a part of the crane, and in certain metal strips and rods whereby the crane was held in its position and fastened to the wall, and that the wall was not sufficiently

strong to support the crane, and there is evidence tending to show that said wooden beam was unsound, and that when the accident occurred this beam and wall fastenings broke, and also that part of the wall was pulled down, the question of the defendant's liability is one for the determination of the jury, and therefore it is proper for the court to refuse the general affirmative charge requested by the defendant as to each of the counts of the complaint.

6. *Same; unsound condition of beam not immaterial, though only contributory to the accident; charge of court.*—In such a case, if the unsound condition of the wooden beam was only contributory to and not the main cause of the fall, that condition was not immaterial, and therefore a charge is erroneous and properly refused which instructs the jury that "if the jury find from the evidence that the wooden work around which the top of the crane or pivot worked, had but very little to do with the crane's falling, and that the breaking of the guy rods was the main cause of its falling, then it would be immaterial that said wooden work was cracked or defective, if that was not the cause of the crane's falling."

7. *Negligence of employer; duty of employer to employe; charge of court to jury.*—An employer is bound to use only reasonable diligence in the maintenance of machinery and appliances used in his business, and is not chargeable with negligence on account of defects therein when their existence is not discoverable by use of reasonable diligence; and therefore in an action by an employe against an employer to recover damages for personal injuries caused by a crane used in the defendant's plant falling on the plaintiff, a charge asserts a correct proposition of law and should be given at the request of the defendant, which instructs the jury that "if they find from the evidence that the accident occurred by reason of hidden defects in the iron guy rods or iron plates, which defects were not known to the defendant and could not be known to the defendant by the exercise of reasonable diligence in time to have avoided the injury, then the plaintiff cannot recover."

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN PELHAM.

This action was brought by the appellee, Phillip Jennings, against the Southern Car & Foundry Company, to recover damages for personal injuries caused the plaintiff while at work in the employ of the de-

fendant. The complaint contained three counts, in each of which plaintiff claims $5,000.00 damages. As stated in the opinion, the case was tried upon the first and second counts.

In the first count of the complaint, after averring that the defendant was engaged in manufacturing railroad cars, iron castings, etc., and that plaintiff was employed by the defendant to work in his manufacturing plant and while so engaged in its employment a crane which was used for lifting heavy iron castings, etc., fell upon the plaintiff permanently injuring his legs and seriously wounding him, it is then averred as follows: "And plaintiff avers that his injuries were caused by defendant's negligence in this, that it was the duty of the defendant to this plaintiff to have and keep its ways, works and machinery, or plant connected therewith, in a safe condition and free from defects, and said crane which was a part of the said ways, works or machinery was defective in this, that it was not securely fastened in its proper position, that the braces were insufficient, or the wooden beam supporting the said crane in its place was rotten and defective, so that by reason thereof said crane fell while plaintiff was attempting to hoist or move said iron casting or forging or other heavy iron object, injuring plaintiff as above stated. And plaintiff avers that said defect arose from or had not been discovered or remedied owing to the negligence of the defendant, or of some person in the service of the defendant and intrusted by it with the duty of seeing that the ways, works, machinery, or plant connected therewith were in a proper condition."

The second count, after the same prefatory averments as made in the first count, then continues as follows: "And plaintiff avers that his injuries resulted from the defendant's negligence in this, that it was the duty of the defendant to this plaintiff to have and keep its said ways, works, machinery and plant connected therewith in a safe condition and free from defects, and the said ways, works, machinery or plant connected therewith were defective in this, that said crane was attached to a wall of defendant's plant, which wall

was not at the time plaintiff was injured sufficiently strong to hold or support the said crane in a proper position for the work for which said crane was used, but the defendant negligently allowed the same to be unsafe, insufficient, defective and dangerous, so that said wall gave way while plaintiff was at work as above stated, causing said crane to fall and resulting in plaintiff's said injuries. And plaintiff avers that the said defect arose from or had not been discovered or remedied owing to the negligence of the defendant, or of some person in the service or employment of defendant, and intrusted by it with the duty of seeing that the ways works, machinery or plant connected therewith were in a proper condition."

The defendant demurred to the first count of the complaint upon the following grounds: "1st. It does not appear from said count that defendant had notice or knowledge of said defect in time to have repaired the same before said accident occurred. 2. It does not appear from said count that said plaintiff was not aware of said defect. 3. It does not sufficiently appear how or wherein said crane was defective. 4. It does not sufficiently appear how said crane should have been fastened so as to prevent its falling."

The defendants demurred to the second count of the complaint upon the same grounds of demurrer as to the first count, and upon the following additional grounds: "5. It does not sufficiently appear how or wherein said wall was defective. 6. It does not sufficiently appear what caused said wall to give way and said crane to fall, whereby plaintiff was injured."

The demurrers were overruled. Trial was had upon issue joined upon the general issue.

The evidence for the plaintiff tended to show that while he was discharging his duty as an employe of the defendant and was assisting to lift a heavy casting by the use of a crane, the crane broke and fell on plaintiff causing an injury to his leg and seriously bruising and hurting him, from the effect of which wounds he suffered greatly and incurred expenses for medical attention; that when the crane fell it pulled

down a part of the building; that the wooden-work of the crane was somewhat decayed; and that the top of it broke and the iron guy rods which were built into the wall to hold the crane also gave way.

The evidence for the defendant tended to show that the breaking of the wooden part of the crane had very little to do with the crane falling; that the cause of the crane falling was that the guy rods broke; that these guy rods were new and had recently been put in, and were, when put in, examined and found to be all right; that iron often broke or gave way without any seeming cause. It was shown that the casting that was being lifted by the crane at the time it fell weighed 6,000 pounds. The other facts relating to the position of the crane and the cause of the accident are sufficiently shown in the opinion.

Upon the examination of one C. W. Wrenshall, he testified that he was superintendent in defendant's plant, and testified as to the construction of the crane. He was then asked by the defendant the following question: "I will ask you, Mr. Wrenshall, if the crane situated as it was and strengthened as you have just testified it was, was sufficiently safe to operate it with a load of 6,000 pounds?" The plaintiff objected to this question, the court sustained the objection, and defendant duly excepted. During the course of his further examination this witness testified that the carrying power of the crane that broke was from 15,000 to 20,000 pounds; that "this crane, situated as it was and strong as it was, was sufficiently safe to operate with a load of 6,000 pounds."

The bill of exceptions contains the following recitals as to the offer of the defendant to prove by the witness Wrenshall, what Dr. W. A. Smith, who attended the plaintiff at the time of his accident, testified on a former trial of this case: "Defendant proved by Judge J. F. Green that Dr. W. A. Smith, a resident of the city of Anniston, Ala., a witness on the former trial of this case, was now at the time of this trial in Monroeville, Alabama, more than 100 miles from Anniston,

by the route usually traveled; that Dr. Smith, who resided in Anniston, Alabama, had been very ill in Anniston, and had gone to Monroeville on a visit to recuperate his health, and it was not known when he would return. Defendant then offered to prove by Mr. Wrenshall, who was still on the stand, that on the former trial of this case, some six months ago, Dr. Smith, who was summoned as a witness for plaintiff, testified that the injury received by Phillip Jennings, plaintiff, was a slight injury and that he was not permanently injured, and that he had attended plaintiff when he was injured, and prescribed for the plaintiff only once; and that he needed only one prescription, and that he prescribed only a lotion or kind of liniment to rub the bruised places with, and that plaintiff was up and about within eight or ten days after the accident and his leg apparently as sound as ever. The court, on the plaintiff's objection, refused to admit this testimony as to what Dr. Smith had sworn on a former trial of this case, and it excluded the same, to which action of the court the defendant then and there duly excepted."

Among the charges given at the request of defendant was the following: (8) "The court charges the jury that if they believe from the evidence that the defects were latent and discovered for the first time after the accident, such defects would not make the defendant liable in this action."

Among the charges requested by the defendant, to the refusal to give each of which the defendant separately excepted, were the general affirmative charges in favor of the defendant as to the first and second counts of the complaint, and also the following charges: (F.) "If the jury find from the evidence that the wooden work around which the top of the crane or pivot worked had but very little to do with the crane's falling, and that the breaking of the guy rods was the main cause of its falling, then it would be immaterial that said wooden work was cracked or defective, if that was not the cause of the crane's falling." (G.) "The court charges the jury that if they find from the evidence that the accident occurred by reason of hidden defects

in the iron guy rods or iron plates, which defects were not known to defendant and could not be known to defendant by the exercise of reasonable diligence in time to have avoided the injury, then the plaintiff cannot recover."

There were verdict and judgment for the plaintiff assessing his damages at $500.00. The defendant made a motion for a new trial upon the grounds that the verdict and judgment were contrary to the law and the evidence, and that the court erred in its several rulings during the trial. This motion was overruled and the defendant duly excepted. The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. J. WILLETT, for appellants.—The court should have sustained the demurrers to the first and second counts of the complaint. Neither of said counts negative the idea that defendant had notice or knowledge of said defect in time to have repaired the same before the accident.—*United States Rolling Stock Co. v. Weir*, 96 Ala. 396; *Seaboard Mfg. Co. v. Woodson*, 98 Ala. 378.

The court erred in not permitting defendant to prove what Dr. Smith had testified on a former trial.—1 Greenleaf on Evidence (16 ed.), § 163.

ROSS BLACKMON, *contra*.—The complaint was not subject to the demurrers interposed.—*L. & N. R. R. Co. v. Marbury L. Co.*, 125 Ala. 250; *So. Ry. Co. v. Guyton*, 122 Ala. 231; *Mary Lee C. & R. Co. v. Chambliss*, 97 Ala. 171; *Ga. Pac. Ry. Co. v. Davis*, 92 Ala. 307; *A. G. S. Ry Co. v. Davis*, 119 Ala. 572; *Laughran v. Brewer*, 113 Ala. 509. It was unnecessary for complaint to negative plaintiff's knowledge of defects. *Broslin v. K. C., M. & B. R. R. Co.*, 114 Ala. 398.

There was evidence tending to support the averments of counts one and two, (count three being withdrawn) and the general charge on each count was properly refused to defendant.—*Mayer v. Thompson*, 104 Ala. 611;

[Southern Car & Foundry Co. v. Jennings.]

*L. & N. R. R. Co. v. Lancaster*, 121 Ala. 471; *Cole v. Probst*, 119 Ala. 99; *A. G. S. R. R. Co. v. Burgess*, 114 Ala. 587; *Central of Ga. v. Foshee*, 125 Ala. 99; *Bromley v. B'ham Min. R. R. Co.*, 95 Ala. 397.

There was no error in not allowing evidence of what Dr. Smith testified on a former trial. He was shown to be a resident of Anniston, and only temporarily absent, and in the State.—*Matthews v. State*, 96 Ala. 62; *Pruitt v. State*, 92 Ala. 41.

SHARPE, J.—Damages are sought for injuries resulting to plaintiff from the falling of a crane used by his employer the defendant, at its foundry, for lifting heavy castings. The trial was had under the first and second counts of the complaint both of which were drawn under subdivision 1 of section 1749 of the Code. The crane stood by a brick wall of the foundry building and was supported in an upright position by being fastened to the wall and roof of the building. By the first count the accident is attributed to defects in a wooden beam and in certain metal strips and rods whereby the crane was held in its position and fastened to the wall. The second avers in substance that the wall was not sufficiently strong to support the crane and that in consequence it gave way and caused the crane to fall. Each of those counts contains the averment that "said defect arose from or had not been discovered or remedied owing to the negligence of the defendant or of some person in the service and employment of the defendant, and intrusted by it with the duty of seeing that the ways, works, machinery or plant connected therewith were in a proper condition." These averments of negligence conform substantially to that clause of the statute which defines generally the character of the dereliction which *prima facie* renders an employer liable for injuries sustained by reason of defects in machinery, etc. Greater particularity of averment respecting acts of negligence is not required.—*L. & N. R. Co. v. Hawkins*, 92 Ala. 243; *Mobile & Ohio Ry. Co. v. George*, 94 Ala. 199; *E. T. V. & G. R. Co.*

*v. Watson,* 90 Ala. 41 ; *Laughran v. Brewer,* 113 Ala. 509 ; *Conrad v. Gray,* 109 Ala. 133 : It was not necessary for the complaint to negative that plaintiff had knowledge of the defect. If he had such knowledge before the accident occurred, that fact belonged with defensive matter. The demurrers to the first and second counts respectively were properly overruled.

Defendant had no right to prove what a witness swore on a former trial on the mere showing that the witness was not in attendance and was staying indefinitely at Monroeville in this State. If the witness resided more than one hundred miles from the place of trial his deposition might have been taken (Code, §§ 1825, 1833), and being within the jurisdiction he was not out of reach of process by which his attendance at the trial could have been compelled. See *Alabama etc. R. Co. v. Rushing,* 103 Ala. 542.

The court sustained an objection to a question asked the witness Wrenshall. If in this there was error, it was rendered harmless to defendant by subsequent testimony of the witness wherein he gave the information called for by the question.

There was evidence tending to show, the wooden beam in which the top pivot of the crane worked, and which served in part to hold the crane to the wall, was unsound, and that when the accident occurred this beam and the metal fastenings broke, and also that part of the wall was pulled down. Under the evidence the question of the defendant's liability was proper to be submitted to the jury under the first count and also under the second count of the complaint.

If the unsound condition of the wooden beam was a contributory, though not the main, cause of the fall, that condition was not immaterial, and therefore charge "I" requested by defendant was properly refused.

Charge "G" correctly asserts the law as applicable to the case. An employer is bound to use only reasonable diligence in the maintenance of machinery and appliances used in his business, and is not chargeable with negligence on account of defects therein the ex-

istence of which are not discoverable by the use of such diligence.—*L. & N. R. Co. v. Campbell*, 97 Ala. 147; *L. & N. R. Co. v. Allen*, 78 Ala. 494. This charge is not abstract and though given charge 8 is on the same subject and is probably more favorable to the defendant than the one in question, neither that or any other of the given charges assert the principle it embodies with a fullness that can enable us to say that charge "G" was non-injurious to defendant. For the single error committed in such refusal the judgment must be reversed and the cause remanded.

Reversed and remanded.