## WATSON AND WATSON v. ANDERSON.

1. When the question of sanity, or insanity, is in issue, a witness may be asked whether there was a difference in the conduct of the deceased during the last five years of his life, and his conduct twenty years previously, and it is error to refuse the question to be put, unless the record shows, that the question was put to the witness in another form, and an opportunity afforded him to tell what he knew.

2. It is not error in the court to refuse to permit the following questions to be put: Have you heard the deceased say any thing about his dogs, and chickens, and cry ; if so, what did the deceased say.

3. A witness may be asked, "If the deceased said, or did any thing showing a want of soundness of mind, state what it was."

Error to the Orphans' Court of St. Clair.

THE will of William Watson being offered for probate by the plaintiff in error, it was contested by the defendants in error, heirs at law of the deceased, who alledged the incapa-

city of the deceased to make a valid testament, by reason of insanity, and imbecility of mind; and an issue was made up between the parties, and submitted to a jury.

From a bill of exceptions taken pending the trial, it appears, that after the defendants had introduced evidence tending to prove the insanity and weaknes of mind of the deceased, they introduced a witness who testified, that he had known the deceased well for twenty-eight years last past. The defendant then asked the witness the following question : Was there a difference in the conduct of the deceased, during the last five years of his life, and his conduct twenty years ago ?   The plaintiff objected to this question, and the court sustained the objection, and refused to allow the question to be answered.   Another witness, introduced by defendant, testified, that he had known the deceased eighteen years, and lived near him since 1840, and asked him the following question: Have you heard the deceased say any thing about his dogs and chickens, and cry ; if so, what did the deceased say ?   This question was also excluded, on plaintiff's objection.

The plaintiff introduced a witness, who stated, he had known the deceased for several years past, and lived near him, but was neither a physician or a professional man, and asked him, if the deceased said, or did any thing showing a want of soundness of mind, state what it was ?   The defendant objected to this question, but the court permitted it to be answered.   To all which the defendant excepted.

This is the matter now assigned as error.

Pope and Rice, for the plaintiffs in errror.

1. The orphans' court erred in refusing to allow the witness, William Taylor, to be examined, as shown by the record.

2. The orphans' court erred in refusing to permit the witness, Thomas Lovitt, to be examined as shown in the record.

3. The orphans' court erred in permitting the question asked the witness, John Vandergrift, as shown in the record, to be answered.

4. The orphans' court erred in proceeding to try the va-

lidity of the paper purporting to be the last will and testament of William Watson, deceased, and giving judgment thereon, without duly notifying or appointing a guardian *ad litem*, for David Watson, a minor heir at law of said Wm. Watson, deceased, as shown in the record.

5. The orphans' court erred as shown by the bill of exceptions.

CHILTON, for the defendant.

1. The objection to the questions asked by plaintiff in error was well sustained, as the questions were leading and illegal.

The difference in the conduct of a party in the last five years and twenty years past, is a conclusion which the jury should draw from the evidence as to what was the conduct of the testator at the respective periods. [Strawbridge v. Span, 8 Ala. 825; Greenl. Ev. 481.]

2. It is discretionary with the court to allow or refuse leading questions, and this court, as it is not advised as to the necessity which existed for the exercise of the discretion, in the the court below, should not revise. [Towns & O'Brien v. Butler & Alford, 2 Ala. 378, 381; People v. Mather, 4 Wend. 229; Blevins v. Pope & Son, 7 Ala. R. 371.]

3. The court will refer the objection below to the form instead of the substance of the question, and as it does not appear that the plaintiff had not the benefit of all the testimony elicited under less objectionable interrogatories, the court should not reverse, as in this case no injury has resulted to the plaintiff.

ORMOND, J.—The mode in which the examination of a witness shall be conducted, must in a great degree be left to the discretion of the judge trying the cause. He may permit the examination in chief to assume the form of a cross-examination, if he considers it necessary, to enable the party to extract the truth from an unwilling witness. [Blevins v. Pope & Son, 7 Ala. 374.] If the objection is merely to the form of the question, and the court should erroneously refuse to permit it to be put, supposing it to be leading, when it is not, it is an error revisable in this court, unless the re-

cord shows that the question was again propounded in another form, and the facts sought to be elicited brought out; or at least an opportunity afforded the witness to tell what he knew.

The first question proposed to the witness, Taylor, was in our opinion, entirely unexceptionable. The objection to questions of this kind is frequently captious, and made when there is no danger of the witness being prompted to answer in a particular way; and if the attention of the witness cannot be directed to the points to which his testimony is wanted, it would be difficult, and frequently impossible, especially in cases of this description, to get from him the facts which he might know. The objection to this question is, that it assumed the fact, that there was a difference in the conduct of the deceased during the last five years of his life, from the preceding period, during which the witness had known him; and if the witness had answered there was such a difference as the question supposes, it would have availed the defendant nothing, he must have gone further, and explained in what the difference consisted. It is therefore perfectly clear that the question was harmless, although in form to some extent leading, and should not have been excluded.

The next question is not so clearly unexceptionable, as it assumes the existence of a state of things, from which imbecility of mind might be inferred—and although it is difficult to suppose, that the opposite party could have been prejudiced by the form in which the question was put, we are not prepared to say, that under the discretion which must necessarily be reposed in the presiding judge, the refusal would be such an error, as would be sufficient to reverse the case.

The last question was clearly proper. The objection urged against it here is, that it referred to the opinion of the witness, whether the deceased was of sound mind or not. We do not think the opinion of the witness was asked, or expected to be given. The question merely pointed his attention to the subject upon which he was to be examined, the capacity, or soundness of the mind of the deceased, in reference to which he was asked to state what he said, or did. When these declarations or acts were stated, it was for

the jury to determine, whether they established soundness or unsoundness of mind.

For myself, I must say, that I have attained the conclusion to reverse this case very reluctantly, as it is incomprehensible, if the objection was to the form of the question merely, as it is admitted to have been, why it was not presented in one of the many other shapes in which it might have been conceived, and the facts within the knowledge of the witness elicited.

For the error of the court in refusing to permit the first question to be put to the witness, Taylor, the judgment must be reversed, and the cause remanded.