## BUSH & CO. vs. JACKSON.

1. In assumpsit for a breach of warranty of the soundness of a slave, plaintiff offered in evidence the deposition of the physician who attended the slave in her last sickness, whose testimony tended to prove that she had died of chronic pneumonia, having never recovered from an attack of acute pneumonia which she had had before the sale; in answer to the interrogatory, "State anything else you may know which will benefit the plaintiff," the witness answered, "As further testimony in favor of the plaintiff, I offer the two following cases, as having a bearing on the case at bar." and proceeded to detail the history of two cases, which he had treated, of acute pneumonia becoming chronic : Held, that the answer was not admissible evidence.
2. Illegal evidence may be excluded, on motion, at any stage of the cause.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. JOHN E. MOORE.

E. W. PECK, for appellants.

ORMOND & NICOLSON, contra.

CHILTON, C. J.—The appellants sued Jackson in *assump-sit*, upon a warranty of soundness, contained in a bill of sale of a negro woman slave named Phebe.

Upon the trial, the appellants offered the deposition of a physician, Dr. Peebles, who attended the deceased slave in her last sickness, tending to prove that she died with chronic pneumonia, and that she had never recovered from an attack of acute pneumonia which she had anterior to the bill of sale.

After expressing his opinion very fully, the witness, in answer to the concluding interrogatory, "State anything else you may know which will benefit the plaintiff?" proceeds to give the history and symptoms of two cases of pneumonia, which he had treated, bearing some resemblance to the case of Phebe. This the court excluded ; and the refusal of the court to permit it to go to the jury, is here assigned for error.

It cannot be controverted, that the opinion of medical men is evidence of the state of a patient whom they have treated, and, so far as the science will allow them to draw any reasonable or probable inference from the condition of the patient at the time they examined him, they may give their opinion as to the past condition of such patient. It is also very clear, that they may detail to the jury the facts upon which they predicate their opinion ; but it does not follow, that the court is bound to allow them to go on and detail the history of the various cases which they may have treated, of patients afflicted with similar diseases. The physician, in the case before us, does not say that the cases of pneumonia, which he enumerates, form the predicate for his opinion previously expressed, in whole or in part. He says, the cases, of which he gives the history, are "in favor of the plaintiffs," and "have a bearing on the case of Phebe." How they are thus favorable—whether as furnishing evidence of the physician's experience, and a predicate for his previously expressed opinion, or as distinct original testimony—is not stated. It was the duty of the party offering the proof, so to connect it with the witness' opinion, if it could be so done, as to show that it constituted, in whole or in part, the basis for his conclusions. It is not permissible for this court to

indulge intendments adverse to the correctness of the ruling of the primary court. We must, therefore, consider it in the aspect in which the record presents it as showing two isolated cases of protracted pneumonia, and in this aspect it was improper; for it may be that they were badly managed, or that some peculiarity of the physical system, from accidental or constitutional causes, produced the result.

Neither was it necessary to move the exclusion of such proof before the trial. It is the duty of the court, in any stage of a cause, to exclude from the jury illegal proof.

Judgment affirmed.