# Shrimpton & Sons v. Brice & Donehoo.

*Action on Account, for Goods Sold and Delivered.*

1. *Evidence; conclusion of witness.*—A defendant, sued on a verified account, may be asked, when examined as a witness in his own behalf, to state whether the account offered in evidence by the plaintiff is correct.

2. *Error cured by subsequent ruling.*—The admission of evidence against a party's objection is not prejudicial to him, where the court, subsequently, during the trial, excluded the evidence, and instructed the jury not to consider it.

3. *Action on account for goods sold and delivered; competency of evidence to prove plaintiff's claim.*—In an action on an account for goods sold and delivered, where there is a dispute as to the quantity ordered, it is not competent for plaintiff to testify that he would not have filled an order for the quantity claimed by the defendant to have been ordered.

[Shrimpton & Sons v. Brice & Donehoo.]

4. *Irresponsive answer to interrogatory.*—Where the answer to an interrogatory is not responsive it is not error to exclude it.

5. *Action on common counts, for goods sold and delivered; when admission by defendant that he ordered part of the goods shipped does not entitle plaintiff to recover.*—Where the defendant in an action on the common counts for goods sold and delivered refused to accept the lot of goods shipped to him by the plaintiff, the fact that the defendant admitted that he ordered of the plaintiff some of the goods would not entitle the plaintiff to recover for the value of the goods so ordered, where they were shipped with others which the defendant did not order, and the defendant did not have the power or privilege to separate, and receive less than the whole quantity shipped.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. J. A. BILBRO.

The opinion states the nature of the case. The defendants examined James A. Brice one of the defendants, and, showing him the verified statement of account which had been introduced in evidence by the plaintiffs, asked him this question: "Is that account correct?" The plaintiff objected to this question, upon the grounds that it was illegal, and that it called for the conclusion of the witness. The court overruled the objection, and permitted the witness to answer the question, and to this action of the court the plaintiff duly excepted. In answer to the question, the witness stated that said account was not correct, and that the defendants never made any such account with the plaintiff, and did not owe plaintiff any sum or amount.

The ninth direct interrogatory propounded to witness A. A. Wright by plaintiff was in this language: "Please examine the letters of the defendants to plaintiff, which are attached to this deposition, marked 'Exhibit D.' and state what would be the actual cost, at your prices, of such an order as is therein claimed by defendants to have been made by them on plaintiff for pins. Please estimate, and then state if plaintiff fills orders of that size. Would such an order be entertained by plaintiff?" In answer to this interrogatory the witness stated: "I have read carefully the letters of Brice & Donehoo attached, and marked 'Exhibit D.' to this deposition. They claim, in them, that their order was for five great gross of pins. There are 360 pins in each paper of the pins ordered by them and shipped to them. Therefore,

41

five great gross pins thus prepared, would constitute exactly 24 papers of pins, which, at the price of 3¾ cents per paper, as quoted in our soliciting letter, would make a total amount of such invoice just 90 cents. It is absurd to suppose that we would fill an order for even a stock of goods for that amount, and to imagine for one moment that we would fill such an order for goods to be manufactured and specially prepared is simply ridiculous." The defendants objected to this interrogatory on the ground that it called for irrelevant test mony, and moved the court to exclude from the jury the answer thereto, as above made, and the court sustained said objection and motion of defendants, and excluded the whole of said answer of said witness to said interrogatory from the jury. To this action of the court the plaintiff duly excepted.

D. E. Wright, a witness for the plaintiff, in answer to the fifth interrogatory propounded to him, stated: "I know that the order of Brice & Donehoo was accepted and filled by us in good faith, and in the belief that it was mutually understood." The defendants moved to exclude this evidence from the jury on the ground that it was irrelevant, illegal, and immaterial, and the court sustained this motion and excluded said answer from the jury, and to this action of the court the plaintiff duly excepted. Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1) "If the jury believe the evidence, their verdict must be in favor of the plaintiff." (2) "Under the facts in this case, it is not necessary for the plaintiff to show that the entire amount of pins ordered were shipped, to entitle them to recover." There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the several rulings to which exceptions were reserved.

EMERY C. HALL, for appellant.—1. The plaintiff was entitled to a verdict. The amount of pins ordered by the defendants, whether the amount stated in the letters of the defendants to the plaintiff or the amount claimed in the complaint, was the only issue that should have been left for the jury to determine.—3 Brick. Dig. p. 109, §§ 41–45. 2. A delivery to a common carrier is a

[Shrimpton & Sons v. Brice & Donehoo.]

delivery to the purchaser.—21 Am. & Eng. Encyc. of Law, 497 ; *Capehart v. Furman Farm Imp. Co.*, 16 So. Rep. 627 ; *Robinson & Ledyard v. Pogue & Son*, 86 Ala. 257 ; *Pilgreen v. State,*. 71 Ala. 368.   3. Charge No. 2 requested by the plaintiff should have been given.—3 Am. & Eng. Encyc. of Law, 920 ; 21 *Ib.* 540.

INZER & WARD, and INZER & GREENE, *contra*.

COLEMAN, J.—The appellants sued to recover the value of merchandise, consisting of pins, alleged to have been sold by plaintiff to defendants.   The complaint consists of several counts in the common form, upon an account, and upon an account stated, and for goods sold and delivered.   The defendants pleaded the general issue, and upon this issue the case was tried.   The jury rendered a verdict for the defendants.   The plaintiff offered in evidence an account verified as provided in the statute, and rested.

The first assignment of error is that the court erred in permitting the defendants to ask the witness Brice, "Is that amount correct?"   There was no error in this ruling.   The plaintiff had the right, on cross-examination, to inquire of the witness the facts, and to test the correctness of the statement.   The general rule is that a witness cannot testify to mere conclusions, but there are many exceptions, and the question of indebtedness, when sued upon verified account, is within the exception.

The second assignment of error is upon the admission of evidence, first admitted by the court and subsequently, during the trial, excluded.   The jury were instructed by the court not to consider such evidence.   We find no error prejudicial to the plaintiff.

The next assignment of error is that the court sustained an objection to the 9th interrogatory to the witness A. A. Wright.   The two latter clauses of the interrogatory were clearly objectionable.   It was not competent to prove the plaintiff's claim in this way.   The answer was irrelevant and illegal, and the court did not err in sustaining the objection to the interrogatory, nor in excluding the answer.

The question to the witness D. E. Wright is not in the abstract, and we are unable to say whether it was responsive or not.   *Prima facie*, the answer was irrelevant

and illegal, and we cannot say there was error in excluding it. The court properly sustained the motion of defendant to exclude so much of the answer of the witness A. A. Wright as was not responsive to the question, "Was the receipt of that order acknowledged? If so, when and in what way?" The information obtained from the mercantile agency was not responsive or pertinent to the matter inquired about.

The instructions requested by the plaintiff, and which were refused, require a short statement of the facts of the case. On or about the 7th of April, 1891, the defendants forwarded a written order to the plaintiff for some pins. The plaintiff's contention is that the order called for "five great gross papers of pins," and the defendants' contention is that they ordered only "5 great gross of pins, and not 5 great gross papers of pins." Prior to July 6th the defendants received an invoice of pins, and on the 6th wrote to plaintiffs that there was a mistake, that they had ordered "5 great gross pins, and not 5 great gross papers of pins." On August 6th the defendants received a "statement" of the account, before the goods were received, and replied to plaintiffs, reminding them of their letter, and notifying them that they would receive only a part of the pins, and, if the offer was not accepted, they would not receive any. The goods were shipped on the 21st of July, 1891. The present abstract does not inform us when the goods reached Attalla, the shipping depot, on the Alabama Great Southern Railroad, of the defendants. The abstract contains the following statement of the evidence : "A man by the name of Amberson was hauling freight from Attalla to their place of business at Murphree's Valley, and he received these pins from the freight agent at Attalla, and hauled them on his wagon to the storehouse door of the defendants. When the defendants learned that Amberson had the pins on his wagon, they refused to let him unload them at their place of business, and the pins were not unloaded. The defendants refused to pay Amberson for hauling the pins, or the freight. The last seen of the pins, they were in the possession of Amberson." On this evidence, and on the admission of the defendants that they ordered five great gross of pins, the plaintiffs contend that they were entitled to the affirmative charge, at least so

[Phillips & Buttorff Manufacturing Co. v. Whitney.]

far as to recover for the value of the pins admitted to have been ordered. In view of all the evidence, the court did not err in refusing to instruct the jury to this effect. The evidence is insufficient to show, affirmatively, a delivery and acceptance of any pins by the defendant, or any power or privilege to separate, and receive less than the whole quantity shipped. This was necessary to fix a liability under the common counts. The genuineness of the order for pins, introduced by plaintiff to support the complaint, was controverted by defendants, and the evidence is in conflict on this point. It was therefore necessary to show that defendants received some benefit, or the article, to support the implied agreement to pay for pins, upon which the common counts depended. The defendants did not make a motion for a new trial, and we do not consider any question except those raised by the assignments of error. In these we find no error, and the judgment must be affirmed.

Affirmed.