# Malone-McConnell R. E. Co. *v.* J. B. Simpson Audit Co.

### Assumpsit.

(Decided November 16, 1916. Rehearing denied December 30, 1916. 73 South. 369.)

1. **Evidence; Experts; Qualification.**—Whether or not a witness offering to testify as an expert is qualified as an expert, is a matter addressed to the trial judge, and within his sound discretion.

2. **Same.**—Where the evidence disclosed that a witness was an expert accountant of many years experience, the exclusion of his testimony on the ground that he was not qualified as an expert, was not a proper exercise of the court's discretion.

3. **Same; Foundation of Opinion.**—Where the action was for compensation for auditing books, an expert could testify, from his personal observation and examination of the books and of the audit, that plaintiff's audit was inaccurate and valueless, although his testimony pointed out only some of the inaccuracies and mistakes, and did not state all the facts upon which he rested his conclusion.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

[Malone-McConnell R. E. Co. v. J. B. Simpson Audit Co.]

Assumpsit by J. B. Simpson Audit Company against the Malone-McConnell Real Estate Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals.

HARSH, HARSH & HARSH, for appellant. TILLMAN, BRADLEY & MORROW and J. A. SIMPSON, for appellee.

GARDNER, J.—Appellee brought suit against appellant to recover an amount due for services rendered as public accountant in making a general audit of appellant's books. The audit was completed and reports submitted about September 15, 1914. It was insisted by way of defense that the work was inefficiently done, that the report of the books was inaccurate, and that other accountants had to be employed to make a correct audit. On submission of this disputed issue of fact as to the efficiency of the services rendered, the jury returned a verdict for plaintiff. Hence this appeal.

The second audit of defendant's books was made by the Rideout Audit Company, of Birmingham, Ala. The evidence discloses that the auditing was conducted by T. A. Rideout, president of the company, that he conducted the work in person, with the assistance of one Muchmore, and that the report submitted differed in several material respects from the Simpson Company's report, being more favorable for the defendant.

Said Rideout had been subpœnaed as a witness for the defendant and the summons duly served by the sheriff, but he was not present at the trial. On account of his absence the defendant announced that it was not ready for trial, but the court permitted a showing to be made as to what would be the testimony of Rideout, and, on plaintiff's counsel agreeing to admit such showing subject to legal exceptions, the trial proceeded. This showing disclosed that T. A. Rideout was an expert accountant, having had many years' experience in the business of auditing. The testimony for defendant previously introduced was to the same effect and was without dispute. The showing further disclosed that the said absent witness made a complete audit of the affairs and accounts of defendant, beginning in September, 1914, and that he examined and compared with his report the report furnished defendant by the plaintiff.

The trial court, on motion of plaintiff, excluded from the jury the remainder of said showing, which in substance was that the

[Malone-McConnell R. E. Co. v. J. B. Simpson Audit Co.]

report and audit of the plaintiff was inaccurate, inconclusive, and valueless; that it contained many errors—one showing a shortage exceeding $2,000, and several running into $100 each—most of which mistakes were against the defendant company; and that said audit and report, besides being of no value, were positively harmful to the defendant. The grounds for said motion were that, the evidence was illegal, irrelevant, incompetent, and immaterial, and a conclusion of the witness; that it invaded the province of the jury, was unintelligible and misleading; that said Rideout had not been properly qualified; and that the matter was not properly the subject of expert testimony.

(1) It is insisted in argument, first, that the ruling of the court was justified upon the ground that the witness had not been qualified as an expert, and that this was a matter resting largely within the sound discretion of the trial court. The rule is so established in this state. *Gulf City Ins. Co. v. Stephens,* 51 Ala. 123; *L. & N. R. R. Co. v. Sandlin,* 125 Ala. 591, 28 South. 40; *White v. State,* 133 Ala. 32 South. 139; *Odom v. State,* 174 Ala. 4, 56 South. 913.

(2) The record does not disclose upon what ground of objection the court acted in excluding that portion of the showing above referred to, and which was in fact the entire substance of the material portion thereof. From what we have previously said as to the state of the evidence in regard to the qualification of Rideout as an expert accountant, which was without dispute, we are convinced that the action of the court was not rested on and cannot be sustained by this theory. It appears to be conceded by counsel in brief that the matter testified to was properly a subject of expert testimony.

(3) It is next insisted that the evidence excluded was but the opinion or conclusion of the witness, and was inadmissible because not preceded by a full statement of all the facts.

As previously stated, the witness was an expert and was testifying from his personal observation and examination of the books of the defendant company and of the audit and report of the plaintiff thereon. His testimony pointed out some of the facts—some of the inaccuracies or mistakes—but it is insisted that his evidence was inadmissible without first stating all the facts upon which his conclusion rested.

We are aware of the fact that in a number of jurisdictions the rule as contended for by appellant prevails, to the effect that

the opinion of an expert, formed upon his own observation or examination, is not admissible in evidence without a statement of the facts upon which it is based. Mr. Wigmore, in his work on Evidence, criticises this rule rather severely. The question is ably discussed by the New York Court of Appeals in the comparatively recent case of *People v. Faber,* 199 N. Y. 256, 92 N. E. 256, 92 N. E. 674, 20 Ann. Cas. 879, and a number of authorities are cited in the note to the report of that case.

We approve the finding of the New York court in the above-mentioned case, which is in accord with the rule in this state. See *Mobile L. I. Co. v. Walker,* 58 Ala. 290; *L. & N. R. R. Co. v. Sandlin, supra; Stewart v. Sloss-S. S. & I. Co.,* 170 Ala. 544, 54 South. 48, Ann. Cas. 1912D, 815; *Gulf City Ins. Co. v. Stephens, supra; Shrimpton & Sons v. Brice & Donahoo,* 109 Ala. 643, 20 South. 10; *Pope v. State,* 174 Ala. 63, 57 South. 245; *Parrish v. State,* 139 Ala. 16, 36 South. 1012; 3 Mayf. 471; 11 R. C. L. 176-8.

We conclude, therefore, that the trial court was in error in excluding this testimony, which action must work a reversal of the cause. The portion of the showing which was excluded embraced the substance of the material part of the testimony of the absent witness. The testimony was prima facie relevant and admissible, and its exclusion was clearly prejudicial to the defendant. For this error the judgment of the trial court will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.