# Love, et al. v. Lee.

### Ejectment.

(Decided April 5, 1917. 75 South. 24.)

1. **Homestead; Right of Surviving Wife.**—A surviving wife has no homestead rights in property conveyed by her husband in the manner prescribed by the Constitution and statutes.

2. **Ejectment; Availability of Defense.**—In controversy over land between grantees and the grantor's wife, who claimed under her homestead rights, the fact that the deed was executed to hinder, delay, or defraud the grantor's creditors is immaterial.

3. **Evidence; Admissibility of Evidence; Delivery of Deed.**—In ejectment, where the only issue was whether a deed was delivered, a witness' testimony that it was not delivered is incompetent, where she was allowed to state all facts bearing upon the issue.

4. **Evidence; Admissibility; Evidence.**—In ejectment, where the grantor's wife claimed that his deed was not delivered within his lifetime, and this claim constituted the only issue, testimony regarding what family the grantor and his wife had is immaterial.

[Love, et al. v. Lee.]

5. **Appeal and Error; Harmless Error.**—In ejectment, any error in finding that a deed to the property involved was delivered to plaintiff is harmless, where he was entitled to recover in any event as the assignee of mortgages on such property.

APPEAL from St. Clair Circuit Court.
Heard before Hon. J. E. BLACKWOOD.
Ejectment by W. M. Lee against Dolly Love and others. Judgment for plaintiff and defendants appeal. Affirmed.

J. W. INZER, J. A. EMBRY and C. R. ROBINSON for appellants.
GOODHUE & BRINDLEY for appellee.

MAYFIELD, J.—The action is common-law ejectment. Appellee, plaintiff below, recovered, and appellants, defendants below, appeal.

Both parties claimed title. through a common source, W. H. Lee, the son of plaintiff, and the former husband of Dolly Love, one of the defendants, she having intermarried with Ed. L. Love since the death of her said former husband. The plaintiff's rights to recover were based: First, upon a deed from the common source to him; second, upon a mortgage executed by the common source of title to the Bank of Ragland, and assigned to plaintiff; and, third, upon a mortgage to an Anniston bank by the same mortgagor and assigned to plaintiff. It is undisputed that the deed and mortgages correctly described the property sued for, and were properly executed, except as to the deed, which we will hereafter point out. It would be difficult to conceive how the trial should have resulted otherwise than in a verdict and judgment for plaintiff.

(1, 2) Defendant's sole claim to the property was based on her homestead rights as the wife of her deceased husband. The complete reply to her claim is that her husband had parted with all his rights to the property involved, by conveyances, executed as the Constitution and statutes require, before his death. It is true that defendant tried to avoid this, in an attempt to show that the deed was never delivered during the life of the grantor; but in this attempt she utterly failed. There was some evidence to show that the deed was executed to hinder, delay, or defraud the creditors of the grantor; but even if that were the fact, it would be unavailing in this action; it being between the parties and their privies in title.

[United Brothers of America and Sisters of True Love v. Kelly, et al.]

(3, 4) There was no error in declining to allow appellant to testify that the deed in question was never delivered to the grantee during the lifetime of the grantor. That was the very issue, which the court submitted to the jury. She was allowed to testify to all the facts, to which she offered to testify, which would authorize the jury to infer or conclude that there was no such delivery; and this was all to which she was entitled to testify in that matter. She should not have been allowed to state her claim or conclusion, as to whether or not the facts to which she testified constituted a delivery. It was wholly irrelevant and immaterial. As to what family the appellant and her former husband had, as this fact would and could have no tendency to prove or disprove the delivery of this deed, which was the sole issue submitted, and proper to be submitted, to the jury.

There were other exceptions to rulings on the evidence. These have been examined, and found to show neither error nor injury.

(5) This appeal might be affirmed alone upon the proposition that the plaintiff would have been entitled to recover in this action by virtue of the mortgages and the assignments thereof, if it be conceded that the deed was not delivered; hence any error would be without possible injury in this action, which is concerned alone with the legal title.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.