(77 South. 692)

ADAMS v. SOVEREIGN CAMP, WOODMEN OF THE WORLD.    (7 Div. 869.)

(Supreme Court of Alabama.    Nov. 15, 1917. Rehearing Denied Jan. 24, 1918.)

1. PAYMENT 65(5), 76(2)—INSURANCE ASSESSMENTS—PRESUMPTIONS—QUESTIONS FOR JURY.

Where insurance assessments were payable on or before February 10th, evidence that on February 7th plaintiff placed the amount due in a sealed envelope addressed to the agent authorized to collect the dues at Tuscaloosa and duly stamped and deposited it in the post office at Talladega was prima facie or presumptive evidence that the addressee received the dues through due course of mail, and whether this was overcome or rebutted by defendant's .evidence was a question for the jury, though there was much evidence contradicting plaintiff's testimony as to sending the dues in addition to the addressee's denial that he received them.

2. INSURANCE 750—MUTUAL BENEFIT INSURANCE—FORFEITURE BY NONPAYMENT OF ASSESSMENT.

The nonpayment of an assessment by the holder of a benefit certificate could not preclude a recovery thereon where he died before he could have been suspended for the nonpayment of such assessment.

Appeal from City Court of Talladega.; Marion H. Sims, Judge.

Action by Mrs. Maude E. Adams against the Sovereign Camp, Woodmen of the World. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

A. A. Garrett and Riddle & Riddle, all of Talladega, for appellant; C. H. Roquemore, of Montgomery, for appellee.

ANDERSON, C. J.   [1, 2] The trial court evidently gave the general charge for the defendant upon the theory that the policy sued on was not in force at the time of the death of the insured. In other words, that the insured was suspended before his death for the nonpayment of the January dues on or before the 10th of February, the time within which he had to pay same under subdivision (a) of section 115 of the constitution and by-laws of the order, as the defendant admitted in open court that all assessments and dues had been paid up to January next preceding the death of the insured. The plaintiff testified that the amount due for January was sealed in an envelope addressed to Deacy, the agent with authority to collect dues, was duly stamped and deposited in the post office at Talladega on the 7th of February, which was within the time allowed for making the payment, if received by Deacy, the addressee, at Tuscaloosa on or before the 10th of February. This was prima facie or presumptive evidence that the addressee received the same, through due course of mail, subject to be overcome or rebutted by the defendant's evidence; but whether or not the same was overcome or rebutted was a question for the jury.   Holmes v. Bloch, 196 Ala. 322, 71

South. 670, and authorities there cited. It is true there was much evidence contradicting the plaintiff as to sending the dues by mail on February 7th as testified to by her, apart. from the denial by the addressee of having received the same; but with her evidence in the question should have been submitted to the jury, and the trial court erred in giving the general charge for the defendant. If the January payment was made, the nonpayment of the February assessment could not preclude a recovery, as the insured died before he could have been suspended for the nonpayment of the February assessment.

The judgment of the city court is reversed, and the cause is remanded to the circuit court to which the cause now belongs under the Consolidated Court Act of 1915.

Reversed and remanded.

McCLELLAN, SAYRE, and THOMAS, JJ., concur.