(122 So. 686)

## SOVEREIGN CAMP, W. O. W., v. HOOMES. (2 Div. 937.)

Supreme Court of Alabama. April 25, 1929.

Rehearing Denied June 13, 1929.

S. C. Godbold, of Camden, and Hobbs, Craig & Brown, of Selma, for appellee.

Bonner & Miller, of Camden, for appellant.

THOMAS, J. The suit was upon a certificate by appellant of date of July 30, 1907, insuring the life of appellee's husband, who died July 12, 1926. The contract between the Sovereign Camp, Woodmen of the World, and deceased consisted of his application, the beneficiary certificate issued pursuant thereto, the constitution and by-laws of the association then in force and thereafter duly enacted.

The sections of law urged by appellant as particularly applicable are sections 63–69 of the Laws of 1925, which are set out in the record. Those pointed to by appellee are section 71(a) and section 71(b). The original books in evidence fail to show that there was a suspension, and no question of reinstatement is presented. The right to pay the same or the originally prescribed rate is construed as an acceptance of the option for a lien to be entered against his certificate for the difference. Section 56, Constitution and Laws 1915.

The written agreement of counsel limits the issues to the following, viz.: Whether or not deceased was a member in good standing at the time of death; whether or not he was indebted in any sum as alleged in plea of set-off. The other facts set forth in the complaint made out a prima facie case for plaintiff. Manhattan Life Ins. Co. v. Verneuille, 156 Ala. 592, 47 So. 72; Sovereign Camp v. Adams, 204 Ala. 667, 86 So. 737; Sovereign Camp v. Burrell, 204 Ala. 210, 85 So. 762; Sovereign Camp v. Bass, 207 Ala. 558, 93 So. 537.

Issue was joined on the general issue (plea 1), and on pleas 2, 3, 4, and 5, setting up forfeiture on account of nonpayment of assessments (for the months of April, May and June, 1926), and the failure thereafter to comply with the association's laws necessary to a reinstatement. The further plea of set-off (plea 6) alleged that deceased paid the required amount of the increased rate and amount upon his certificate to December 31, 1919, when an increased rate became effective as to him and his class of certificate or risk, and thereafter did not pay the increased rate, in that he "elected to pay the old rate," and that a lien was allowed to accumulate against his certificate for the balance or increased or additional sums. And it is the insistence of appellant that these sums (alleged in the plea to be $175 and $5.47) with interest thereon, after certain deductions of $9.34, amounted to $235.50 on July 1, 1926.

It is established that a proper predicate be laid to authorize secondary proof, or that due notice to produce be given. Section 7774, Code; W. O. W. v. Ward, 196 Ala. 327, 71 So. 404; Woodmen of the World v. Maynor, 206 Ala. 176, 89 So. 750. Appellant insists upon error in the overruling of objection to the introduction in evidence of the record sheets of the local camp of dates of April, May, June, and July, 1926, and in overruling motion to exclude. The evidence of Pulaski, the clerk of said local camp, showed that the sheets—originals and carbon copies thereof—were made at the same time; that the originals were sent to the clerk of the home office at Omaha and the carbon copies thereof retained by the officer of the local camp and were the same as those offered as evidence. It has been established in this court that carbon copies made in due regular course of business are for the purposes of evidence duplicate originals, and in the absence of suspicious circumstances, such as mutilation and change, are primary evidence. Campbell Motor Co. v. Brewer, 212 Ala. 50, 101 So. 748; Liverpool & London & Globe Ins. Co. v. McCree, 213 Ala. 534, 105 So. 901. There was no error in that ruling. See, also, Sandlin v. Anders, 205 Ala. 453, 88 So. 560; L. & N. R. Co. v. McGuire, 79 Ala. 395; Smith v. Sharp, 210 Ala. 587, 98 So. 566.

It is immaterial by whom the dues are paid, if those required by the law or rule of the association are paid. Sovereign Camp, W. O. W., v. Graham, 214 Ala. 239, 107 So. 98. It is true the local clerk cannot waive the provisions of the constitution and by-laws of the order not fully complied with. Sovereign Camp, W. O. W., v. Blanks, 208 Ala. 449, 94 So. 554. The burden of going forward with the evidence as to nonpayment of the required dues, and as to other matters covered by the special pleas, was upon defendant. Ex parte Gay (Sovereign Camp, W. O. W., v. Gay), 213 Ala. 5, 104 So. 898; Sovereign Camp, W. O. W., v. Gay, 20 Ala. App. 650, 104 So. 895.

In the instant case there was no formal action of suspension for nonpayment of assessments for the months of April to July; the evidence shows the same to have been paid to the home office, but when and by whom is not indicated. The home office at Omaha received the money from or for the assured for those months. Who paid the same to the local camp officer for transmission to the home office is not indicated. The assured's letter indicates that he was handing the amount to the local official pursuant to or under some private agreement with that or former official. And under all the evidence the question of forfeiture for nonpayment of assessments for April, May, and June was for the jury. The 30 days of grace had not expired as to the July assessment—the month in which he died. Adams v. Woodmen of the World, 201 Ala. 166, 77 So. 692.

The trial court was in error in excluding the answer which was made by one with a knowledge of the fact, that assured having "elected to pay the former rate and allow a lien charge to go against the policy," if the policy was a binding claim on the defendant, the net amount due on the death benefit was reduced by the difference in the several monthly assessments and interest (viz., by $235.34, the amount of such lien charges), and that the net amount due the beneficiary was $764.66.

Since writing the foregoing it is suggested that question and answer were not a shorthand rendition of fact, but were unauthorized conclusion or expression of opinion that invaded the province of the jury. It will be noted on inspection that the question and answer left the issue of liability vel non with the jury. It did not assume that the policy

was not a good and binding claim on defendant. It was: "If said policy was a good and binding claim on the defendant, *what would be* the net amount thereof?" The objection made to question 7 was rested on specific grounds stated, viz.: (a) Lien charge or agreement best evidence; (b) seeks to vary the contract; (c) is illegal and incompetent; (d) invades the province of the jury; (e) assumes the policy not binding; (f) the policy is best evidence. The ruling of the trial court in sustaining objection and rejecting the answer to that interrogatory cannot be justified on stated grounds. We shall show the evidence sought was competent and legal. The question did not assume "that the policy is not a good and binding claim on defendant," nor "that the policy is the best evidence of the amount due under its terms." As we have indicated, the beneficiary certificate declared upon, the constitution, the respective by-laws, of the association which were of force at the time Hoomes became an assured member, and the constitution and laws thereafter of force to and at the time of his death, constituted the contract of the parties and was that which affected liability vel non, and, if there was liability, the amount due thereon. It is apparent that the policy alone, aside from the later constitutions and laws of the order having application from time to time, was not the "best evidence of the amount due under its terms," since the terms thereof were subject to lawful charges.

The lien charge against the certificate and amount due thereon is by contract of the parties—the difference between the rate paid by assured and the lawful rate of force at the time of said monthly payments. It is provided (in section 56 of the 1915 Laws, sections 56 and 100 of the Laws of 1917, and section 60 of the Laws of 1919, and section 59 of the Laws of 1925), that the mere "failure to pay the advanced rate on or before October 1st, * * * by any member, shall be construed as an acceptance of the option for a lien to be entered against his certificate." The fact of such law and right of change of monthly rate and accrual of lien charges is not questioned or challenged by a ground of objection. This right is the contract entering into the certificate. The competency of the witness as an expert or one in charge of the books of defendant, and with a knowledge of the facts, is likewise not made a ground of objection. He was the sovereign accounting officer of the order, was so declared and his duties so specified by its laws.

How may the net amount that is due defendant be shown? We have collected some of our cases that illustrate an exception that has been permitted to the general rule of best evidence (Caddell v. State, 129 Ala. 59, 30 So. 76) in that of a shorthand rendition of fact. Some of our cases are as follows: Brindley v. State, 193 Ala. 43, 69 So. 536, Ann. Cas. 1916E, 177, where evidence "that there were fresh-shod foot impressions," etc., was admissible; Mayberry v. State, 107 Ala. 64, 18 So. 219, in which witness was permitted to testify that he saw "something in the defendant's pocket that looked like a pistol"; A. G. S. R. R. Co. v. Yarbrough, 83 Ala. 238, 3 So. 447, 3 Am. St. Rep. 715, wherein witness testified that under the stated condition "no human effort could have prevented the lever or bucket from swinging to its accustomed place"; Woodward Iron Co. v. Spencer, 194 Ala. 285, 69 So. 902, in which witness might testify "that he 'was a bright, smart boy, of good intelligence' "; Barlow v. Hamilton, 151 Ala. 634, 44 So. 657, "plaintiff did not look like he was hurt"; Barker v. Coleman, 35 Ala. 221, that a person "looked sick"; Raisler v. Springer, 38 Ala. 703, 82 Am. Dec. 736, that a person's manner was "insulting"; Hainsworth v. State, 136 Ala. 13, 34 So. 203, and Long v. Seigel, 177 Ala. 338, 58 So. 380, that a person looked "excited or mad," or "very angry"; Jenkins v. State, 82 Ala. 28, 2 So. 150, Stone, C. J.; Miller v. State, 107 Ala. 40, 19 So. 37, "appeared like he was mad"; S. & N. A. R. Co. v. McLendon, 63 Ala. 275, a person "looked bad"; White v. State, 103 Ala. 72, 16 So. 63, that a person "talked with his usual intelligence"; Burton v. State, 107 Ala. 108, 18 So. 284, looked "paler than common"; Gassenheimer v. State, 52 Ala. 313; Thornton v. State, 113 Ala. 43, 21 So. 356, 59 Am. St. Rep. 97; Johnson v. State, 17 Ala. 618, looked serious or "looked excited," or "looked frightened"; Orr v. State, 117 Ala. 69, 23 So. 696, that a cartridge "appeared like it had been recently snapped"; B. R. & E. Co. v. Franscomb, 124 Ala. 621, 27 So. 508, a person appeared "to be very weak"; Smith v. State, 137 Ala. 22, 34 So. 396, "tracks looked like those of a person running or walking"; Stevens v. State, 138 Ala. 71, 35 So. 122, assailant was in a certain position as shown by wounds; Fuller v. State, 117 Ala. 36, 23 So. 688, "cursing"; Evans v. State, 120 Ala. 269, 25 So. 175, wounds "looked like they had been cut from the front of the throat back towards the ear"; Watson et al. v. Anderson, 11 Ala. 43, there was a "difference between the conduct of deceased during the last 5 years of his life and his conduct 20 years before"; Parrish v. State, 139 Ala. 16, 36 So. 1012; Hodge v. Rambo, 155 Ala. 175, 45 So. 678, defendant "talked rationally," and "his mind seemed to be all right"; U. S. C. I. P. & F. Co. v. Driver, pro ami, 162 Ala. 580, 50 So. 118, witness "could not stand on the ground and do the work"; East Tenn. Va. & Ga. R. R. Co. v. Watson, 90 Ala. 41, 7 So. 813, the animal killed was "a very fine colt"; McVay v. State, 100 Ala. 110, 14 So. 862; Rollings v. State, 136 Ala. 126, 34 So. 349, that the distance of females from defendant at the time of the cursing was such that they could have heard him; Ala. City G. & A. R. v. Bullard, 157 Ala. 618, 47 So. 578, that plaintiff "looked like he fell powerful hard and got hurt"; L.

& N. R. v. Stewart, 128 Ala. 313, 29 So. 562, that plaintiff's back was "wrenched."

The foregoing well illustrate our decisions of shorthand rendition of facts that embrace many phases of human conduct and physical combinations that could not be well otherwise described to the jury.

It is also a general rule that a witness is not permitted to state conclusions of law (Lacey v. Hendricks, 164 Ala. 280, 51 So. 157, 137 Am. St. Rep. 45) as the effect of an appeal bond; or legal status of a transaction (McCalman v. State, 96 Ala. 98, 11 So. 408; Love v. Lee, 199 Ala. 676, 75 So. 24; Stuart v. Mitchum, 135 Ala. 546, 33 So. 670); or meaning of a written contract (Matthews v. Farrell, 140 Ala. 298, 37 So. 325; Crosby v. Montgomery, Ala., 108 Ala. 498, 18 So. 723); or whether contract was performed (Clark v. Ryan, 95 Ala. 406, 11 So. 22; Mobile J. & K. C. R. Co. v. Hawkins, 163 Ala. 565, 51 So. 37); or draw conclusion of authority or power to execute contract (Mobile J. & K. C. R. Co. v. Hawkins, 163 Ala. 565, 51 So. 37); also not permitted to state he considered plaintiff liable (W. U. Tel. Co. v. Merrill, 144 Ala. 618, 39 So. 121, 113 Am. St. Rep. 66); may not state he was in possession of the title of land (McCreary v. Jackson Co., 148 Ala. 249, 41 So. 822; Morrissett v. Carr, 118 Ala. 585, 23 So. 795). See, also, Garey v. Meagher Co., 33 Ala. 630.

In this connection it will be noted that when conclusions are permitted, they rest, in the main, upon a fact, as that a fence was erected by agreement as a partition fence (Avary v. Searcy, 50 Ala. 54); or worked around the section corner (Riddle v. Hanson, 208 Ala. 474, 94 So. 729; Snodgrass v. Snodgrass, 212 Ala. 74, 101 So. 837).

Judge Stone thus states the rule or corollary to the general rule as follows (S. & N. A. R. Co. v. McLendon, 63 Ala. 266): "That when the plaintiff returned from Mrs. Griffin's, on Thursday after falling from the mare on Tuesday, the left wrist of plaintiff looked like the bone had slipped off the joint.' 'That when plaintiff returned from Mrs. Griffin's, she looked bad.' 'That plaintiff was disabled by the fall from the mare.' All these are but facts, or, at most, conclusions of fact; awkwardly expressed sometimes, it is true; still, we find in them nothing to which a witness may not testify. Bennett v. Fail, 26 Ala. 605; Wilkinson v. Moseley, 30 Ala. 562; Milton v. Rowland, 11 Ala. 732; Fountain v. Brown, 38 Ala. 72; Barker v. Coleman, 35 Ala. 221; Stone v. Watson, 37 Ala. 279. 'The true line of distinction is this: An inference, necessarily involving certain facts, may be stated without the facts, the inference being an equivalent of a specification of the facts: * * * In other words, when the opinion is the mere short-hand rendering of the facts, then the opinion can be given, subject to cross-examination as to the facts on which it is based.' Whar. Ev. § 510; Raisler v. Springer, 38 Ala. 703 [82 Am. Dec. 736]; Avary v. Searcy, 50 Ala. 54." See, also, Raisler v. Springer, 38 Ala. 703, 82 Am. Dec. 736; Carroll v. State, 23 Ala. 28, 58 Am. Rep. 282.

The rule so stated by Judge Stone is adhered to and applied to many varying combinations of fact shown by the cases and known and recognized as shorthand rendition of fact. B. & A. R. Co. v. Campbell, 203 Ala. 296, 82 So. 546; Peerine v. Southern Bitulithic Co., 190 Ala. 96, 66 So. 705. Accordingly witnesses have been permitted to state the existence of "agency." Talladega Ins. Co. v. Peacock, 67 Ala. 253; Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502; Parker v. Bond, 121 Ala. 529, 25 So. 898; Rogers v. Smith, 184 Ala. 506, 63 So. 530; State v. Bristol Sav. Bank, 108 Ala. 3, 18 So. 533, 54 Am. St. Rep. 141; the fact and the amount of an indebtedness in suit on verified account. Shrimpton & Sons v. Brice & Donehoo, 109 Ala. 640, 643, 20 So. 10, 12, it is declared:

"The first assignment of error is that the court erred in permitting the defendants to ask the witness Brice, 'Is that amount correct?' There was no error in this ruling. The plaintiff had the right, on cross-examination, to inquire of the witness the facts, and to test the correctness of the statement. The general rule is that a witness cannot testify to mere conclusions, but there are many exceptions, and the question of indebtedness, when sued upon verified account, is within the exception."

So, also, witnesses have been permitted to testify of "possession" (Steed v. Knowles, 97 Ala. 573, 12 So. 75; Davis v. Reed, 211 Ala. 207, 100 So. 226; Driver v. Fitzpatrick, 209 Ala. 34, 95 So. 466; McMillan v. Aiken, 205 Ala. 35, 39, 88 So. 135); also of the ownership of personal property (Dickey v. Vaughn, 198 Ala. 283, 73 So. 509; Steiner v. Tranum, 98 Ala. 315, 13 So. 365; Daffon v. Crump, 69 Ala. 77; Rasco v. Jefferson, 142 Ala. 705, 38 So. 246; Hunnicutt v. Higginbotham, 138 Ala. 472, 35 So. 469, 100 Am. St. Rep. 45; Nelson v. Iverson, 24 Ala. 9, 60 Am. Dec. 442); then an agreement was made (Anderson v. Snow & Co., 9 Ala. 247), and to state the terms of such agreement where it rests in parol (Woodstock Iron Co. v. Reed et al., 84 Ala. 493, 4 So. 369); not, however, to state the legal effect of a written instrument or interest in a patent right (Shorter v. Sheppard, 33 Ala. 648). Witnesses have been permitted to state that a person signed a note or bond as surety (Compton v. Smith, 120 Ala. 233, 25 So. 300; Marcrum v. Smith, 206 Ala. 466, 91 So. 259, 20 A. L. R. 1303; Donehoo v. Johnson, 120 Ala. 438, 24 So. 888; Foshee v. Kay, 197 Ala. 157, 72 So. 391); that he gave no one authority (Ramage, Parks & Co. v. Folmarr [Ala. Sup.] 121 So. 504);[1] or did not give consent or assent (Fulton Bag & Cotton Mills v. Leder Oil Co., 207 Ala. 350, 92 So. 613); or that he never

---

[1] Ante, p. 142.

had title or color of title (Norton v. Linton, 18 Ala. 690); or had no interest (Florence Co. v. Warren, 91 Ala. 533, 539, 9 So. 384; Ware et al. v. Morgan, 67 Ala. 461; Partridge v. Bates, 201 Ala. 558, 78 So. 911); or offered no inducement (Evans v. State, 209 Ala. 563, 96 So. 923; 22 C. J. p. 691, § 725).

The cases cited by appellee are Arnold & Co. v. Gibson, 216 Ala. 314, 113 So. 25 (where the questions denied were: Was there any agreement to accept the check in full settlement under plea of accord and satisfaction, and "he owes you the difference between the market price in July?"); Johnson-Brown Co. v. Dominey Produce Co., 212 Ala. 379, 102 So. 606 (the question denied was: "A letter addressed to you at Ozark with two cents stamp on it and mailed would have reached you?"); A. G. S. R. Co. v. Flinn, 199 Ala. 177, 74 So. 246, was as to whether given acts or words constituted negligence; Karpeles v. City Ice D. Co., 198 Ala. 449, 73 So. 642, wherein nonexpert witness was not permitted to give his conclusions of the merits of the issue being tried; Spooney v. State, 217 Ala. 219, 115 So. 308, in which witness was not permitted to state whether defendant violated the criminal statute by "driving recklessly." The authority cited from the Court of Appeals, Rawleigh Med. Co. v. Hooks, 16 Ala. App. 394, 78 So. 310, merely held that admissions by the principal after breach of the contract did not bind the surety as the sole party defendant.

In Brandon v. Progress Distilling Co., 167 Ala. 365, 52 So. 640, the action was assumpsit, and the general rule is stated as follows: " * * * A witness may state his judgment as to the existence vel non of facts where the facts stated were collective facts and the judgment of them was based upon knowledge of all the constituent elements. Sometimes it is impracticable to lay before the jury all the details upon which the collective fact is based. E. T. V. & G. R. R. Co. v. Watson, 90 Ala. 41, 7 So. 813; McVay v. State, 100 Ala. 110, 14 So. 862. It has been said that the soundness of the conclusion in such a case is to be tested on cross-examination. But it has never been held that a witness may usurp the function of the jury—or the court, when it passes on; the facts—by stating his conclusion as to the very fact in issue between the parties. The rulings have been to the contrary. L. & N. R. R. Co. v. Landers, 135 Ala. 504, 33 So. 482; Moore v. Monroe Refrigerator Co., 128 Ala. 621, 29 So. 447. The error here involved was not relieved of injurious consequence by the fact that elsewhere in his testimony the witness detailed some facts which may have tended to show that defendant was a partner in the firm of Donegan & Lacy," etc.

The facts in issue between the parties in that case were, that Donegan and Lacy had purchased whisky from appellant, and the suit was brought against Brandon on the theory that he was a member of the firm; and the fact of partnership was denied. The husband of one of defendants was permitted, over objection, to state as *his judgment* that the defendant was a member of the partnership; hence error, and the occasion for the pertinent observation by Mr. Justice Sayre which we have quoted above. And the conclusion of the issue of fact for the jury was denied to a nonexpert witness in Houston v. Elrod, 203 Ala. 41, 81 So. 831, it was: "If she had stood where she was and the car had passed where it did, would it have struck her?" In Standard Cooperage Co. v. Dearman, 204 Ala. 553, 86 So. 537, the issue was whether the narrowness of the plank caused plaintiff to fall. In Pope v. State, 174 Ala. 63, 57 So. 245, shorthand rendition of facts are considered. And the case of Fulton Bag & Cotton Mills v. Leder Oil Co., 207 Ala. 350, 351, 92 So. 613, 614, is rested on authority of Brandon v. Progress Distilling Co., supra, and contains the following statement:

"The court did not err in permitting Isadore Bley to testify that he, as president of defendant company, did not give his consent or assent that these goods be shipped and sold for his account. It did not state a conclusion. It is a shorthand rendering of facts, a collective fact, known to witness and to which he could testify; and plaintiff could, if it desired, on cross-examination, go into details as to his knowledge of the facts and circumstances. E. Tenn. Va. & Ga. R. R. Co. v. Watson, 90 Ala. 41, 7 So. 813."

In Malone-McConnell R. E. Co. v. J. B. Simpson Audit Co., 197 Ala. 679, 680, 73 So. 369, 370, Mr. Justice Gardner said:

"We are aware of the fact that in a number of jurisdictions the rule as contended for by appellant prevails, to the effect that the opinion of an expert, formed upon his own observation or examination, is not admissible in evidence without a statement of the facts upon which it is based. Mr. Wigmore, in his work on Evidence, criticises this rule rather severely. The question is ably discussed by the New York Court of Appeals in the comparatively recent case of People v. Faber, 199 N. Y. 256, 92 N. E. 674, 20 Ann. Cas. 879, and a number of authorities are cited in the note to the report of that case.

"We approve the finding of the New York court in the above-mentioned case, which is in accord with the rule in this state. See Mobile L. I. Co. v. Walker, 58 Ala. 290; L. & N. R. R. Co. v. Sandlin, 125 Ala. 591, 28 So. 40; Stewart v. Sloss-Sheffield S. & I. Co., 170 Ala. 544, 54 So. 48, Ann. Cas. 1912D, 815; Gulf City Ins. Co. v. Stephens [51 Ala. 123], supra; Shrimpton & Sons v. Brice & Donehoo, 109 Ala. 643, 20 So. 10; Pope v. State, 174 Ala. 63, 57 So. 245; Parrish v. State, 139 Ala. 16, 36 So. 1012; 3 Mayf. 471; 11 R. C. L. 176–178."

Definitions of experts are collected in 22 C. J. 639, § 733, as "men of science," or "pos-

sessed of some particular science or skill." Persons of the skill necessary and identified with the matter or case on trial, and relevant to the issues presented for decision, under facts sufficient to authorize a judgment of the expert, may give expert testimony. Bush v. Jackson, 24 Ala. 273; Lawrence v. Kaul L. Co., 171 Ala. 300, 308, 55 So. 111; Stewart v. Sloss-Sheffield S. & I. Co., 170 Ala. 544, 550, 54 So. 48, Ann. Cas. 1912D, 815; Dilburn, Adm'r, v. L. & N. R. Co., 156 Ala. 228, 47 So. 210; Crawford Johnson & Co. v. Pryor Motor Co. (Ala. Sup.) 121 So. 388.[2] In Ann. Code of 1928 is the statement (section 7725, Code): "The opinions of experts on any question of science, skill, trade, or like questions, are always admissible; and such opinions may be given on the facts as proved by other witnesses."

Thus the defendant was sued on the certificate of insurance; its witness was its sovereign clerk and secretary of that business or "trade," and was not to be asked for the legal effect or that of its liability vel non on the beneficiary certificate; it was presupposing liability as to "the net amount thereof." The answer was: "In addition to the lien and interest charges previously mentioned, Mr. Hoomes would owe a balance of $5.47 on the annual assessment current at the time of his death, making a total indebtedness of $244.68. However, he would have received credits of $9.34 on this indebtedness due to savings and gains available for distribution to the members by reason of favorable mortality and economic management, which would reduce the indebtedness on his certificate to $235.34, leaving a net death benefit of $764.66." The court had permitted defendant to offer in evidence its constitution and all of its laws; and the witness—Mr. Yates—to testify that he was the sovereign clerk and ex officio secretary of the defendant, its sovereign recording, corresponding and accounting officer, in its home office in Omaha; that decedent became a member under his application of June 24, 1907, and the certificate for $1,000, on which suit was brought, was issued by witness and forwarded for delivery to deceased-assured; that from July 30, 1907, the assured's assessment rate or that required to be paid by him as a member was $1.25 per month, in addition to local camp dues, payable on or before the last day of the month; that on September 1, 1915, assured's assessment rate was, under the law of the order, again increased to $1.28 per month; and on October 17, 1917, likewise increased to $1.38 per month; and on December 1, 1919, that assessment was increased to $3.56 per month in addition to local camp dues; that Hoomes paid, or should have paid on said policy to date of March 1, 1926, under these several rates, for the respective periods; that witness made as exhibits to his said interrogatories copies of the constitu-

tion and laws in effect on July 1, 1907, when Hoomes became a member, and those effective of date of September 1, 1916, October 1, 1917, December 31, 1919, and as last changed and effective of date of December 31, 1925.

Thus the question of the indebtedness vel non on the certificate was left to the jury by the question and answer. The amount of the indebtedness (calculations necessary to its ascertainments under the several rates for the several and respective periods) was asked of the witness. He was the one who had knowledge of all the facts in that business or trade, as its sovereign clerk and ex officio secretary. He was the one person under its laws having charge of the keeping and knowledge of its books and facts inquired about; that is to say, the respective amounts being about 218 monthly payments, extending through 19 years, and governed by the four or five different rates shown by the evidence. It called for the calculations of which the court took judicial knowledge, under the given rates and periods. It was within the analogy of the decision of Shrimpton & Sons v. Brice, 109 Ala. 640, 20 So. 10,—the amount of deceased's indebtedness to assured for payments due and accrued as lien or credits against the policy. The rate obtaining in 1907 was changed in 1915, 1917, 1919, and he continued to pay at the old rate; there was no forfeiture for this failure, but merely a charge or accumulation against the policy for the difference between his payments and the lawful rate, that for the time obtained. The court or the jury, or an expert in that science, trade, or business, may make the additions of the sums paid monthly from the legal and required dues, the subtractions, the calculations of interest on said balance due, and the additions of these small sums, the required mathematical calculations or processes of which we take judicial knowledge, to ascertain the amount due on the company's lien charge, that the same be subtracted from the face of the policy. The witness was merely asked for a shorthand rendition of the result of the admitted or uncontroverted facts that could not well be ascertained by the court and jury by reason of the numerous documents and entries.

It has been decided by this court that an indebtedness due to the company from the assured or person entitled to the insurance money may be deducted from the amount to be paid to the beneficiary. Life Association of Amer. v. Neville, 72 Ala. 517; Imp. Life Ins. Co. v. Glass, 96 Ala. 568, 11 So. 671; 25 Cyc. 883. Such were the contract rights of the parties secured and not denied to have existed under its beneficiary certificate and the laws of the order. Such are the provisions for the lien charge between the old and new rates secured to the parties in the amended laws of 1915, 1917, 1919, and 1925. It is impracticable for the court to ascertain this differ-

---

[2] Ante, p. 108.

ence other than was sought to be shown in interrogatories 5 and 7.

That is to say, that the "best evidence" rule is subject to well-recognized exceptions of which is, that where the originals consist of numerous documents which cannot be conveniently examined in court, "and the fact to be proved is the general result of an examination of the whole collection," in such case "evidence may be given as to such result by any person who has examined the documents and who is skilled in such matters, *provided the result is capable of being ascertained by calculation.*" The reason for this exception is that any other "course would cause great loss of time and tend to confuse the jury"; hence the permission for "summarized accounts" and such "conclusions as to balances." Jones on Evidence (2d Ed.) 1908, p. 254, § 206 (205), § 767; 2 Jones on Ev. (1913) p. 216, § 206; p. 202, § 204–A. So of writings practically incapable of production. 2 Jones on Ev. p. 206, § 205–C; 12 Amer. & Eng. Enc. Law, § 2; 1 Green. on Ev. (13th Ed.) § 93; 52 A. L. R. 1266.

In the cases where it is impracticable or impossible for the court to make an examination of a large number of instruments, entries, or records, a competent witness may make such examination and present his conclusions thereon to the court. 52 A. L. R. 1269; Jones on Evidence (2d Ed.) 767; Baird v. Nat. Surety Co., 54 N. D. 91, 209 N. W. 204. We think the instant case is one where the trial court should have permitted in evidence the seventh interrogatory and answer by Mr. Yates. In this ruling there was reversible error. So the greater part of the answer to the fifth interrogatory was competent.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, GARDNER, BOULDIN, and FOSTER, JJ., concur.

BROWN, J. (dissenting). The action is on a certificate of insurance, in which the defendant engaged to pay to the beneficiary named in the contract upon the death of the assured, conditioned upon his compliance with the requirements of the constitution and by-laws of the order, so as to keep the insurance alive until his death, and the questions litigated were whether or not there had been such compliance, and the amount plaintiff was entitled to recover. The plea of set-off asserted that certain extra premiums, which under the terms of the contract and by-laws of the order had accumulated, became a charge against the amount of the insurance and reduced the amount of the recovery. After the facts in respect to these accumulated premiums had been fully stated by the witness Yates, and shown by other evidence in the case, defendant's counsel asked the witness the following question: "If said policy was a good and binding claim on the defendant,

what would be the net amount thereof?" The bill of exceptions shows that the court sustained an objection to this question, *but does not disclose what, if any, grounds were stated.* Under the uniform decisions of this court, if this question was subject to any tenable ground, the court should not be put in error for sustaining the objection.

To my mind this question patently calls for the statement of the very conclusion that it was the province of the jury to draw—the amount of the plaintiff's recovery—involving some of the litigated facts, and that brings it within the rule of the following cases: Brandon v. Progress Distilling Co., 167 Ala. 365, 52 So. 640; Houston v. Elrod, 203 Ala. 41, 81 So. 831; Standard Cooperage Co. v. Dearman, 204 Ala. 555, 86 So. 537; Arnold & Co. v. Gibson, 216 Ala. 317, 113 So. 25; Spooney v. State, 217 Ala. 224, 115 So. 308; A. G. S. R. R. Co. v. Hall, 105 Ala. 599, 17 So. 176.

When we go to the answer of the witness, it discloses this inherent vice. The witness calculates the interest on the amount of the set-off, without giving interest on the amount due to savings and gains or interest on the death benefit from the date of the death of the insured to the trial, and ascertains the amount of the liability as $764.66.

If the conclusion of the majority only affected the instant case, no great mischief would probably result, but it upsets and renders uncertain the law of evidence, and weakens the doctrine of stare decisis, "the mother of repose," which is intended to protect society from the uncertainty of fluctuating judicial decisions. Barrett v. Brownlee, 190 Ala. 613, 67 So. 467; Allen v. Fincher, 187 Ala. 599, 65 So. 946; Snider v. Burks, 84 Ala. 53, 4 So. 225.

For these reasons I cannot agree to the reversal, and respectfully dissent.