(107 So. 98)

## SOVEREIGN CAMP, W. O. W., v. GRAHAM.
(7 Div. 607.)

(Supreme Court of Alabama. Jan. 21, 1926.)

1. **Discovery 89—Order, requiring insurer to produce original letters between it and insured, held not error.**

In action on death benefit certificate, order, requiring insurer to produce original letters between it and insured pertaining to pertinent matter to issues involved, was not error.

2. **Insurance 818(1)—Letters by beneficiary, wife of deceased, containing notice of death of husband, and correspondence concerning nonpayment of dues, held relevant and admissible.**

In action on death benefit certificate, letters introduced by beneficiary, wife of deceased, containing notice to defendant of death of her husband, and correspondence concerning nonpayment of dues by insured, were relevant and admissible.

3. **Appeal and error 882(8)—Appellant cannot complain of letters offered in evidence by himself.**

Appellant cannot complain of letters offered in evidence by himself.

4. **Insurance 818(1) — Certificate properly sued on as of its date, though issued in lieu of former policy.**

A death benefit certificate disclosing on its face that it was issued in lieu of one issued in 1913, but is a new policy issued and dated in 1921, was properly sued on as issued of latter date, and objection to its introduction was properly overruled.

5. **Insurance 819(2)—Dating of receipt for particular month held sufficient to infer that receipt referred to month of that date, though receipts did not expressly so state.**

In action on death benefit certificate, though receipts for dues paid insurer did not expressly state for what month dues were paid, dating of receipts for a particular month was sufficient for jury to infer that receipt had reference to month of that date.

6. **Evidence 183(6)—Insurance 818(3)—Allowance of receipts for dues in evidence, and proof of contents of lost receipts, held not error under the evidence.**

In action on a death benefit certificate, where evidence showed loss and diligent search for receipts for dues paid insurer; that insured's wife had seen receipts, which were identical with those offered in evidence, but bearing different dates signed by clerk of the lodge; and that she was familiar with their contents, it was not error to allow receipts to be introduced in evidence, and to permit proof of contents of those which were lost.

7. **Evidence 474(14) — Proof that witness' knowledge of handwriting was limited to certain documents went to weight, not admissibility, of her testimony regarding the handwriting.**

Proof that witness' knowledge of handwriting of another, in regard to which she had testified, was limited to handwriting as seen on documents, genuineness of which was not questioned, and some of which were in evidence, went to the weight of her testimony, not to its admissibility.

8. **Insurance 818(3)—Testimony concerning receipt for dues held admissible as sufficiently identifying receipt for dues for one of months in controversy.**

In action on death benefit certificate, testimony of father of beneficiary with regard to receipts seen in home of insured *held* admissible; such receipt being sufficiently identified as of month in which defendant claimed dues were not paid.

9. **Trial 56—After proof of employment of defendant's clerk in mail service, no reversible error shown in refusing to permit further proof of clerk's holding other civil office.**

In action on death benefit certificate, where clerk of local camp of defendant lodge testified as to working in government mail service, it was not reversible error to sustain objection to further showing that clerk held some other civil office in the county.

10. **Insurance 818(1)—Whether or not insured was an irregular attendant at meetings of local defendant lodge held irrelevant.**

In action on death benefit certificate against a fraternal benefit association, whether or not insured was an irregular attendant at meetings of the local camp of defendant was irrelevant, and hence it was not error to sustain an objection to question as to whether local camp had held regular meetings.

11. **Insurance 740—Whether dues were paid by insured or some one for him held immaterial.**

In action on death benefit certificate, it is immaterial whether dues for previous years were paid by insured or by some one for him.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

12. **Appeal and error** ⊚═1048(6)—**Witnesses** ⊚═268(1) — **Cross-examination of clerk of defendant lodge as to who was authorized by him to collect dues held proper and not injurious, in view of clerk's testimony denying issuance of receipts for dues alleged to have been paid.**

In action on death benefit certificate, where defendant's clerk denied issuance of receipts for dues alleged to have been paid by insured, question as to who was authorized by clerk to collect dues was within the legitimate range of his cross-examination, and, in view of instruction that dues would not be considered as payment unless it reached the clerk during month in which it was paid, cross-examination could not have been injurious to defendant.

13. **Trial** ⊚═46(2)—**Sustaining of objection to question the relevancy of which did not appear held not error.**

In action on death benefit certificate, where notice of delinquency was not necessary to effectuate insured's suspension for nonpayment of dues, sustaining of objection to question whether clerk had given insured notice of suspension, its relevancy not appearing, was not error.

14. **Trial** ⊚═143 — **Conflicting issue properly submitted to jury for determination.**

Where issue of fact was in conflict, it was properly submitted to the jury for determination.

15. **Insurance** ⊚═825(1) — **Affirmative charge properly refused, where issues were in conflict.**

In action on death benefit certificate, where issues were in conflict, the affirmative charge was properly refused.

Appeal from Circuit Court, Talladega County; S. W. Tate, Judge.

Action on certificate or policy of insurance by Vera G. Graham against the Sovereign Camp of the Woodmen of the World. From a judgment for plaintiff, defendant appeals. Affirmed.

Plaintiff's witness Darden testified that he was the father of the plaintiff and first saw the three receipts introduced in evidence in the room of the insured after the death of insured.

This witness was asked: "Prior to his death did you at any time see one of these receipts on the same form of these three introduced in evidence?"—and answered: "I did." He was then asked: "Where were you when you saw that receipt?" —and answered: "I was in Graham's room." To each of these questions defendant objected and moved to exclude the answers. The court overruled each objection and motion to exclude, and these rulings are made the basis of assignments 74–77.

The witness further testified that he saw the receipt "about April 17, 1922; it was

identically the same form as these three that have been introduced in evidence."

Assignment 79 is predicated upon the rulings of the trial court sustaining plaintiff's objection to the question propounded by defendant to the witness Garrison, viz.: "Has Albany Camp for the past few years back of 1921 held regular meetings?"

C. H. Roquemore, of Montgomery, for appellant.

Counsel argues for error in the rulings assigned, but cites no authorities.

L. H. Ellis, of Columbiana, for appellee.

Counsel discusses the questions raised and treated, but without citing authorities.

GARDNER, J. Suit by appellee against appellant upon a death benefit certificate issued to James V. Graham, and in which plaintiff—his wife—was named as beneficiary.

The husband died September 15, 1922, and the defense to this action rested upon the theory that he had been automatically suspended under the Constitution and by-laws of this fraternal association for nonpayment of dues, particularly those of March, 1922, and also the subsequent months of April, May, June, July, and August, 1922.

[1-3] In advance of the trial plaintiff propounded certain interrogatories to defendant, and called upon defendant to attach copies of correspondence passing between the parties relating to this claim. Defendant refused to do so, but upon the trial produced the original letters upon order of the court. This correspondence contained matter pertinent to the issues involved, and proper for inspection of plaintiff's counsel, and in this ruling there was no error. Argument of counsel for appellant seems to assume that all these letters were introduced in evidence by plaintiff, but our investigation of the record discloses that plaintiff offered only five of these letters, and the remaining letters were subsequently introduced by the defendant. Of the letters offered by plaintiff, one was written by her to defendant giving information of the death of her husband and her claim as the beneficiary named in his certificate or policy; another was the reply received denying liability solely on the ground of suspension for nonpayment of dues; a third, a letter of defendant to plaintiff's counsel to like effect, but confining the ground to the dues of March, 1922; the fourth letter by defendant to counsel for plaintiff insisting on suspension for nonpayment of dues for the months subsequent to March; and the last letter, the reply by counsel to the first of these letters. Clearly the first four letters mentioned were relevant and admissible, and, should there exist any doubt as to the last letter, its admission in evidence could be of no possible injury in any event,

as it was but a reiteration that the March dues were paid. Of course, as to the other letters which appear to have been offered in evidence by defendant, no complaint by appellant can here be made. Assignments of error 1 to 25, inclusive, are without merit.

[4] The policy sued upon discloses on its face that it was issued in lieu of one issued in January, 1913, but it is a new policy issued and dated in 1921, and was properly sued upon as issued of that date. The objection to its introduction was properly overruled. What has been said above in regard to the introduction of the letters sufficiently answers assignments of error 27 to 47.

[5] Numerous assignments of error are based upon the rulings of the court permitting plaintiff to offer in evidence certain receipts for dues purporting to have been issued by the local camp clerk, with particular reference to receipts for the months of March, May, and July, 1922, and also permitting plaintiff to testify as to the contents of other receipts of like character for different months, which plaintiff insisted had been lost. Plaintiff stated that she was familiar with the handwriting of Garrison, the local clerk; that the above-named receipts offered in evidence, together with other receipts of her husband, were brought to her by her husband, and she put them away in his trunk. The receipts purported to be upon stationery of the order and from the local camp for dues from plaintiff's husband, and signed by "S. R. Garrison, Clerk," and duly dated as to the month and year. Plaintiff testified that these receipts were in the handwriting of said Garrison.

While the receipts did not in express terms state for what month the dues were paid, yet we think the dating of the receipt for a particular month was sufficient; nothing to the contrary appearing from which the jury could infer that the receipt had reference to the dues of the month of that date.

[6] Plaintiff testified as to receipts other than the three offered in evidence, both before and after March, 1922. As to receipts prior to March, however, no controversy arises, for it was conceded by defendant in open court that plaintiff's husband was in good standing prior to said month. But, as to all these receipts, the evidence shows their loss and diligent search where they were kept and should have been located; that plaintiff had seen them; that they were identical with the three offered in evidence, but bearing different dates, purported to be signed by said Garrison, and were in his handwriting; and plaintiff's familiarity with their contents. We are of the opinion the court committed no error in allowing the receipts to be introduced in evidence and the proof of the contents of those which were lost. This will suffice for these several assignments of error without specific treatment of each.

214 ALA.—16

[7] As previously shown, plaintiff testified on direct examination that she knew the handwriting of Garrison, the local clerk. On cross-examination, it appeared her knowledge thereof was limited to familiarity with his handwriting as seen on documents, the genuineness of which was not questioned, and some of which were in evidence. 1 Greenleaf on Evidence (16th Ed.) § 577. Counsel for appellant insists sufficient familiarity was not shown, but we think the argument applicable to the weight of her testimony in this respect, and not to its admissibility.

[8] The evidence of the witness Darden sufficiently discloses that he was testifying as to the April receipt, which he saw in the home of the insured, and no reversible error appears as to this ruling, which constitutes assignments of error 74 to 77.

[9] The witness Garrison testified by way of introduction (Cooper v. State, 63 Ala. 80) as to his place of residence, his present work in the mail service for the government, and that he was clerk of the local camp. Defendant offered to go further and show that at some time in the past witness had held some other civil office in the county, but we are of the opinion no reversible error appears in the action of the court in sustaining objection thereto.

[10] Whether or not the insured was an irregular attendant at meetings of the local camp was irrelevant to any issue in the case, and assignment of error 79 is without merit.

[11, 12] It was conceded that dues for 1921 had been paid, and it is immaterial whether paid by insured or by some one for him. Garrison, the clerk, denied the issuance of the receipts for March, May, and July, 1922, and the question asked on cross-examination as to who was authorized by him to collect dues was within the legitimate range of such an examination. The trial court, moreover, expressly instructed the jury that, if any dues were paid to any such authorized person, it would not be considered as payment, unless it reached the camp clerk during the month in which it was paid, so in no event could injury have resulted. Assignments 80 and 81 present no reversible error.

[13] It is not pretended that notice of any delinquency was necessary to be given an insured in order to effectuate his suspension for nonpayment of dues. The relevancy of the question whether the clerk had given insured notice of suspension (assignment of error 83) did not appear on its face, and the court, not being informed as to any matter affecting the relevancy thereof, will not be put in error for sustaining objection thereto.

[14, 15] The issue of fact as to the payment of the dues, and the receipt thereof by Garrison, was in conflict and properly submitted for the jury's determination. The affirmative charge was properly refused as to the

counts of the complaint, and also upon any theory that the pleas were established without conflicting evidence.

Careful consideration has been given the insistence that a new trial should have been granted upon the ground the verdict was contrary to the great weight of the evidence. The rule governing this court in questions of this character is well understood, and needs no restatement here. Suffice it to say, guided by this rule, we are not persuaded the ruling of the court below denying the motion should be here disturbed.

Finding no reversible error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.