156 So. 575

## GRAND LODGE, K. P., v. YANCY.
### 6 Div. 589.

Court of Appeals of Alabama.
April 17, 1934.

Rehearing Denied May 22, 1934.

Wright, Warren & Searcy, of Tuscaloosa, for appellant.

Foster, Rice & Foster, of Tuscaloosa, for appellee.

SAMFORD, Judge.

The defendant is a fraternal organization, issuing through its "Endowment Department" policies of insurance to members of its subordinate lodges. Such a policy was issued to John Yancy, a member of subordinate No. 94 at Tuscaloosa, Ala.

At the time of the death of John Yancy on January 10, 1932, he was financial, i. e., he had paid to his subordinate lodge all of the dues necessary to keep his policy in force; by the rendition of services as janitor to subordinate lodge No. 94, located at Tuscaloosa, Ala.

The claim of the defendant is that the policy should not be paid by reason of certain failures on the part of the subordinate lodge, which will be adverted to in a discussion of the case which is to follow.

 The plaintiff having introduced in evidence the policy of insurance, which was not denied and proof of death being given to chancellor commander of local lodge prior to the bringing of the suit, together with proof tending to prove that the insured, John Yancy, was at the time of his death financial and in good standing in his local lodge, makes out a prima facie case for a recovery. Barnett v. Boyd, 224 Ala. 309, 140 So. 375.

But, defendant says plaintiff is not entitled to recover, because, during the months of June, July, August, September, October, November, and December, 1931, and January, 1932, John Yancy did not pay to his local lodge his dues in money, but that he was the janitor of the lodge and that the lodge gave him credit for service so rendered, in lieu of cash. It appears from the evidence, or at any rate there was evidence tending to prove, that from the date of the policy to June, 1931, all dues were paid to the lodge by Yancy in money, and that after that time and until his death, the amount agreed to be paid to him as janitor was credited by the lodge in payment of his dues.

■ The case of Sovereign Camp, W. O. W., v. Blanks, 208 Ala. 449, 94 So. 554, is not in point here. In that case the insured was dealing with an officer of the lodge as an individual, while in the instant case Yancy was dealing with the subordinate lodge of defendant which was the efficient agency and agent of the grand lodge in the collection of dues to be remitted by the lodge to plaintiff, and when so remitted, the defendant cannot be heard to say such dues were not paid. Grand Lodge K. P. of N. A., etc., v. Archibald; 227 Ala. 595, 151 So. 454.

■ Section 8456 of the Code of 1923, making provision for the protection of the insurance fund of societies such as defendant has application to the governing body of the society, when the funds come into its hands, and if the subordinate lodge pays the dues of the members, it makes no difference to the grand lodge whether the dues paid to the subordinate lodge were in cash or not. The pertinent inquiry is, did the grand lodge receive the dues. Grand Lodge, etc., v. Archibald, supra.

So far as John Yancy was concerned, the evidence tends to prove that he was "financial" and in good standing with his local lodge at the time of his death, and, if there was any default which would bar a recovery, such default was on the part of the subordinate lodge of which John Yancy was a member.

■ The constitution and by-laws of defendant society were made a part of the contract of insurance by reference and under authority of section 8477, Code 1923. Such provisions in the constitution and by-laws as are applicable become binding on both parties. Modern Order of Praetorians v. Childs, 214 Ala. 403, 108 So. 23. Pertinent to the instant case is section 5, art. 31, of the grand lodge constitution which reads as follows:

"Any lodge failing to forward its endowment reports and the endowment dues of its members by the tenth of each month shall be notified by the Endowment Secretary, through the Master of Exchequer of the lodge; and the further failure of ten days shall suspend the lodge from the benefits of the Endowment Department. A lodge so suspended may reinstate itself by paying the amount due the Endowment Department at the time of reinstatement. Should a lodge lose a member by death during such time of suspension, it shall not be entitled to or receive any benefits from the Endowment Department."

The above clause was copied in a notice mailed to master of exchequer of Pleasant Hill Lodge No. 94, at Tuscaloosa, in which there was the following clause:

"You are hereby notified that your lodge is in arrears for one month and according to said Section 5 of Article 31, will suspend itself from the benefits of the Endowment Department unless paid up within ten days from above date."

The above notice was mailed in September, 1931. The following month notice was again sent to Pleasant Hill Lodge No. 94, as follows:

"Please Read This to Your Lodge

"Notice was sent you last month calling your attention to the fact that your lodge had not made its report for that month and gave the lodge a further grace of ten days in which to pay—at the same time calling your attention to the Endowment laws as stated in Section 5, Article 31, Page 15 of the Grand Lodge Constitution.

"The report has not been received from your lodge at this writing and this notice comes to inform you that your lodge has automatically suspended itself and all of its members from the benefits of the Endowment Department, but may reinstate by paying the amount due the Endowment Department at the time of reinstatement.

"Should your lodge lose a member by death during such time of suspension, the member shall not be entitled to nor receive any benefits from the Endowment Department.

"Your lodge is now ——— months in arrears and all arrears must be paid in full to date of reinstatement before it can be reinstated in the Endowment Department.

"Please try to give your members protection by paying these arrears at once.

"Fraternally yours,
"H. Strawbridge,
Endowment Secretary."

The above notices marked Defendant's Exhibits 9 and 10 were offered in evidence, but were by the court excluded, because there was no evidence that such notices properly stamped and addressed had been placed in the United States mails, or had been received by the lodge to which they were addressed. On the contrary, the witness Jackson offered by defendant testified that the lodge's only notices of suspension that he knew anything about were read in the lodge in August, 1931, and again after the death of John

Yancy. There was also evidence tending to prove that the grand lodge had not suspended Pleasant Hill Lodge No. 94, but that said lodge was treated by the grand lodge as being alive and active. This evidence consisted of the records of defendant showing its method of dealing with subordinate lodges when suspended and when treated as in good standing.

In other words, and as briefly stated as possible, the pertinent facts of this case are as follows: John Yancy held a policy of insurance in the defendant's order at the time of his death on January 10, 1932. So far as Yancy was concerned, he was at the time of his death "financial" and in good standing in Pleasant Hill Lodge No: 94. Upon his death, and due proof of such death, his beneficiary named in the policy is entitled to recover, unless by some act or omission on the part of Pleasant Hill Lodge No. 94, the right of recovery has been forfeited.

■ There is sufficient evidence tending to prove the death by notice to the chancellor commander of the local lodge, which for this purpose was the agent of the defendant, and, if the chancellor commander failed in his duty to notify the defendant, this plaintiff cannot be barred of a recovery on that ground.

■ But, says the defendant, Pleasant Hill Lodge No. 94 was in default in the payment of its endowment dues at the time of the death of John Yancy and, therefore, no member of that lodge is entitled to death benefits during such default. Under section 5, art. 31, of defendant's constitution, the suspension of a subordinate lodge does not take place and become effective until duly notified by the endowment secretary of defendant. There is evidence tending to prove that this suspension notice was not given until after the death of John Yancy. While Pleasant Hill Lodge No. 94 was still active and not suspended, it sent to defendant on March 18th dues for June, July, August, September, and October, 1931, and on May 21, 1932, dues were sent for November, December, 1931, and January, February, and March, 1932. These remittances included the dues of John Yancy through January, 1932, and the endowment secretary was so notified on May 12th. There is some evidence tending to prove that upon receipt of notice of Yancy's death on May 12th, the endowment secretary returned the report to have Yancy's name eliminated. As we see it, this would not avail the defendant. If the subordinate lodge was active and not suspended, it was still the agent of defendant for the collection of dues from its members, and, having collected the dues from Yancy to the time of his death, it was the duty to send it in to the endowment secretary, and the fact that the money reached the secretary after the death of Yancy cannot avail the defendant here. The defense here set up is highly technical which must be made out with literal exactness, and if the suspension is not in strict accordance with the laws of the society, its members' rights are not forfeited. It would be unreasonable and unjust to allow the defendant to take advantage of the failure on the part of its agents to make prompt remittance, especially so after it had continued to recognize the agency of the local lodge by receiving its reports and remittances. Emanuel v. Central Grand Ind. Order, etc., 16 La. App. 186, 133 So. 506; Supreme Lodge, Knights of Pythias v. Withers, 177 U. S. 260, 20 S. Ct. 611, 44 L. Ed. 762; District Grand Lodge, etc., v. Hill, 3 Ala. App. 483, 57 So. 147.

■ Appellant's assignments of error 89 through 126, 138 through 146, and 2 raise the question of whether or not John Yancy was a member in good standing of the local lodge No. 94, at the time of his death, by reason of the fact that from June 1, 1931, to his death, Yancy was janitor of the lodge and was credited with his dues to the lodge for and on account of his labor. The answer to all of that argument is that there is evidence tending to prove the payments in cash and a recognition by every responsible agency of defendant having to do with the matter that the dues were paid and that Yancy was in good standing. Rucker v. Most Worshipful St. John's Grand Lodge, A., F. & A. Masons of La. (La. App.) 142 So. 283.

■ Moreover, there is ample evidence in this record to support the contention of plaintiff that, with a knowledge on the part of the grand lodge officers of the death of John Yancy, they accepted the report of the local lodge on March 18, 1932, which included the name and dues of John Yancy and still retains such moneys in its endowment department. True, it appears that on May 22d, when another report came in, the endowment secretary returned the $3 dues included for John Yancy, to the local lodge, but there is no evidence that this money was ever returned to John Yancy or to his estate. So far as this record discloses, the defendant or its agent still retains such money.

■ ■ Assignments of error 10 through 18 are based on testimony of plaintiff that the

local lodge, through its officers, sent her a statement regularly, at three months' intervals, that her husband John Yancy was in good standing with the local lodge. The witness testified that these statements had been destroyed. Secondary evidence was admissible to prove the contents. These statements as well as the letter written by the local lodge to the endowment secretary were admissible. These were admissions by responsible agencies of defendant that John Yancy was "financial" and in good standing in his local lodge at the time of his death.

■ The introduction in evidence of the accounts of other lodges with defendant were specially limited by the court to the question of how defendant conducted its business with its subordinate lodges and for this purpose was relevant.

It is insisted by appellant that John Yancy, having been automatically suspended as a member of defendant for nonpayment of dues for the period from June through December, 1931, and having died January 10, 1932, and before these premiums were paid by the local lodge to the endowment department of the grand lodge, could not be reinstated by subsequent payments. The answer to this contention is that there is evidence tending to prove that John Yancy was never suspended, but was at all times in good standing with his lodge.

■ Assignment of error 131 and similar assignments relate to rulings of the court on charges requested by the defendant to the effect that if at the time of the death of John Yancy the endowment department of defendant was in the hands of a receiver by appointment of a court of competent jurisdiction, there can be no recovery in this case. The suit is against the defendant, Grand Lodge Knights of Pythias of North America, etc., and not against the receiver. There is no plea in abatement presenting the questions raised by the above assignments. True, there is in evidence the proceedings of a receivership suit, but this evidence might well have been omitted as it has no bearing upon any issue raised.

There are in this record 147 assignments of error. The questions involved in this appeal might well have been presented in many less. The multiplication of assignments do not make for clearness, but rather tend to "befuddle" the issues involved. The practice is not approved, and has been the subject of recent comment by the United States Supreme Court. Local 167 of International Brotherhood of Teamsters, etc., v. U. S., 291 U. S. 293, 54 S. Ct. 396, 78 L. Ed. 804. In which case, it was intimated that a motion to dismiss, if made, would be granted.

However, we have passed upon the salient questions raised by this record and in the rulings of the court we find no error which would justify a reversal.

The judgment is affirmed.

Affirmed.